**UNITED STATES, Appellee,**

v.

**William V. COOK, Airman Basic, U. S. Air Force, Appellant.**

**No. 38686/AF.**

**CMR 24765/S.**

U. S. Court of Military Appeals.

Jan. 5, 1981.

For Appellant: *Colonel Larry G. Stephens* and *Captain Neil S. Richman* (on petition); *Captain Willard K. Lockwood.*

For Appellee: *Colonel James P. Porter* and *Captain James R. Van Orsdol* (on petition).

## Opinion of the Court

EVERETT, Chief Judge.

We granted review to determine whether a state court criminal record was properly introduced into evidence for sentencing purposes.

During the presentencing phase of the appellant's court–martial, a record of the Circuit and County Court of Brevard County, Florida, was received into evidence over defense objection.[1] This record showed that the appellant previously pleaded guilty to loitering where narcotics were being used and to possessing marihuana and marihuana paraphernalia. It also revealed that the court had withheld adjudication of guilt and imposition of sentence, and had given the appellant one year's probation on the condition of his continuing in the military drug program, not using, possessing or dealing in drugs, and not violating any laws. A copy of this record had been maintained in the appellant's "Unfavorable Information Files." (UIFs).

█ The appellant now asserts that this Florida criminal record could not be kept as a military personnel record, since the Florida court procedure did not amount to "a conviction or a judgment equating to a conviction." As noted by the appellant, paragraph 5b(2) of Air Force Regulation 35–32, "Unfavorable Information Files (UIFs), Control Rosters, Administrative Reprimands and Admonitions," 22 September 1975, as amended by Change 1, 31 March 1977, requires the Air Force to maintain in its Unfavorable Information Files only records of "civil court convictions, or judgments equating to convictions for other than minor civil law infractions." However, we disagree with appellant's contention that the Florida court action was not a "conviction." Indeed, the precise issue was

disposed of in *United States v. Hartsfield*, 387 F.Supp. 16, 18 (M.D.Fla.1975), where the court concluded:

> [U]nder Florida law the defendant would be considered convicted upon the entry of his plea of guilty. *See generally Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274, 279 (1969); *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012 (1927). When the judge decided to withhold adjudication and sentence and instead placed defendant on probation under Section 948.01(3) of the Florida Statutes, it is clear that the defendant could no longer be tried on the information. At that point only two real alternatives existed with regard to future proceedings–defendant could either abide by the terms of his probation, in which case no further court action would be necessary; or he could violate the terms of probation, in which case he would be returned to court, his probation would be revoked, and he would be adjudicated guilty of the charge of receiving stolen property and sentenced therefor.

Thus, the appellant's first argument is without merit.

█ Second, the appellant contends that, even if the Florida court action constituted a "conviction" and the record of this conviction could be placed in his Unfavorable Information File, the Florida criminal record still should not have been admitted into evidence for sentencing purposes. He claims that paragraph 5–13 of Air Force Manual 111–1, *Military Justice Guide*, exceeds its authority as a Secretarial regulation when it provides that trial counsel may present personnel records to the court if such personnel records include evidence of a civil court conviction or a judgment equating to a conviction. This point also misses the mark, since paragraph 75d of the Manual for Courts–Martial, United States, 1969

---

1. Two records of nonjudicial punishment were also admitted along with the Florida court record. These records were admitted as reflections of the appellant's past conduct and performance. The Florida record had been sealed and certified by the clerk of court as a true copy of the original record on file.

(Rev. ed.),[2] clearly gives the Secretary authority to promulgate departmental regulations that would admit into evidence for sentencing purposes those "[p]ersonnel records of the accused . . . which reflect the past conduct and performance of the accused." Obviously, a civil court conviction or its equivalent would "reflect the past conduct and performance of the accused." The appellant even conceded at one point in his brief that paragraph 75*d* would allow the admission of a civil court action.

Finally, the appellant asserts that if the President had intended to allow the introduction of civil court convictions during the presentencing stage of a court–martial, he could have easily provided for this in paragraph 75*b*(2) of the Manual for Courts–Martial, *supra*. There the President only stated that trial counsel could "introduce evidence of any previous convictions of the accused by *courts–martial*"; he did not say that civil convictions could not be used as evidence during presentencing. As we have already observed, paragraph 75*d* of the Manual clearly permitted the Secretary of the Air Force to promulgate a regulation which would allow the admission of civil court convictions as presentencing evidence.

■ Moreover, there is no reason for excluding a conviction merely because it is not a military conviction. Any type of prior criminal misconduct is highly relevant sentencing information of which all sentencing authorities should be apprised. As we recently observed in *United States v. Mack*, 9 M.J. 300, 316 (C.M.A. 1980),

> [t]he premise has been that the sentencing authority should receive full information concerning the accused's life and characteristics in order to arrive at a sentence which will be appropriate in light of the purposes for which a sentence is imposed. *See Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

Thus, a review of the total criminal background of a defendant has always been approved. *See* numerous authorities cited in *United States v. Mack, supra* at 316–18.

Not only would a civilian conviction–like a military conviction–reveal what the prior conduct and performance of the accused have been, but also this information would apprise the sentencing authority of rehabilitative measures previously applied without success. Thus, it helps forecast prospects for the accused's rehabilitation. Of course, no one can deny that "a sentencing authority is fully entitled to consider the success or lack of success of prior punishments in determining what sentence may be appropriate for any offense for which an accused is to be sentenced." *United States v. Mack, supra* at 319.

■ We only emphasize that these records must be maintained in accordance with departmental regulation or else they will not be admissible. *See United States v. Negrone*, 9 M.J. 171 (C.M.A. 1980). This is not to say that an accused may never challenge the correctness or validity[3] of a civil conviction record which was maintained in accordance with a departmental regulation. That right, of course, always belongs to an accused.

■ In the case at hand, we have already determined that the Florida record was maintained in the appellant's Unfavorable Information File in accordance with Air Force Regulation 35–32, *supra*, and there

---

**2.** In relevant part, this provision states:
Under regulations of the Secretary concerned, the trial counsel may, prior to sentencing, obtain and present to the military judge any personnel records of the accused or copies or summaries thereof . . . Personnel records of the accused include all those records made or maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused.

**3.** *See* the discussion in *United States v. Mack*, 9 M.J. 300, 305–16 (C.M.A.1980), concerning the use of prior convictions which are constitutionally invalid because the defendant did not have counsel at the former trial.

was no claim that the record itself was incorrect or invalid.[4] Accordingly, the appellant's civil conviction record was properly received as evidence.

We affirm the decision of the United States Air Force Court of Military Review.

Judges COOK and FLETCHER concur.

4. We note that several spaces are blank in the criminal docket form certified by the clerk of the court in Florida. However, defense counsel did not object on this basis and instead agreed that there had been an "adjudication."