UNITED STATES, Appellee,

v.

James R. KREWSON, Sergeant, U.S. Army, Appellant.

No. 38,577.
CMR 438393.

U. S. Court of Military Appeals.

Dec. 14, 1981.

For Appellee: *Major Ted B. Borek* (argued); *Colonel R. R. Boller, Captain Brian X. Bush, Captain Michael C. Chapman* (on brief).

For Appellant: *Captain Robert L. Gallaway* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Charles A. Byler* (on brief); *Lieutenant Colonel John F. Lymburner, Captain Edward J. Walinsky.*

Opinion of the Court

EVERETT, Chief Judge:

On March 14–15, 1979, a general court-martial composed of officers tried appellant at Fort Devens, Massachusetts, on a charge of rape, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920. Pursuant to a pretrial agreement, he pleaded not guilty to the offense charged but guilty of the lesser included offense of assault with intent to commit rape, in violation of Article 134, UCMJ, 10 U.S.C. § 934. After Krewson was found guilty pursuant to his pleas, he was sentenced to a bad-conduct discharge, confinement at hard labor for 15 years, forfeiture of "total pay per month for 15 years," and reduction to the lowest enlisted grade. Subsequently, as required by the pretrial agreement, the convening authority reduced the period of confinement to five years; in addition he reduced the period of forfeitures to 5 years, and otherwise approved the sentence. The United States Army Court of Military Review affirmed the approved findings and sentence. 8 M.J. 663 (1979). We subsequently granted review (9 M.J. 36, C.M.R.) of this single issue:

THE MILITARY JUDGE ERRED BY ADMITTING A RECORD OF A PRIOR CONVICTION OF AN OFFENSE COMMITTED AFTER THE DATE OF THE OFFENSE FOR WHICH APPELLANT WAS BEING TRIED.

I

During the presentencing portion of the trial, the Government offered into evidence appellant's Personnel Qualification Record Part II (DA Form 2–1). Item 21 on this form, entitled, "Time Lost (Sec. 972, Title 10, U.S.C.)," had not been completed. However, in the space provided for "Remarks" in Item 27, this notation appeared on the form:

> Arrested 1542 hrs. 26 Jun 78 by civil authorities Ayer, MA, while off duty, chg: Assault of Gail . . ., a female child under the age of 16 years with intent to commit rape; assault of Ana . . . with intent to commit rape; convicted and sentenced Massachusetts Correctional Institution for indef term.

"In view of the remark in Item 27," defense counsel objected to the admission of the personnel record. He argued that: (a) a civil-court conviction is inadmissible for sentencing purposes in a court-martial; (b) the Massachusetts conviction was for offenses which apparently occurred in June 1978—subsequent to the date (December 1977) when appellant committed the offense for which he was court-martialed—and therefore it was not a previous conviction as contemplated by the Manual for Courts-Martial; (c) it had not been established that the state-court conviction was final.

Trial counsel responded that, although paragraph 75b(2) of the Manual for Courts-Martial, United States, 1969 (Revised edition),[1] which concerns "*[e]vidence of previous convictions*," might not authorize consideration of the Massachusetts conviction for sentencing purposes, it could be received in evidence under paragraph 75d, which deals with "[o]ptional matter presented when court-martial [is] constituted with military judge." The latter section, which had not been present in Manual for Courts-Martial, United States, 1951, and therefore postdated some of the precedents on which the defense relied, allows the receipt into evidence of an accused's personnel records "maintained in accordance with departmental regulations which reflect the past conduct and performance of the accused."[2] Trial counsel also argued that the state-court conviction was the very type of background information which should be made available to the sentencing authority in arriving at a just sentence.

The military judge eventually admitted the record into evidence. Thereafter, trial counsel asked for permission to call the attention of the court members to the "remarks" in the personnel record; having received this permission, the prosecutor then requested the members to "pay particular attention to the DA Form 2–1 particularly block 27 when you're making your fair and impartial sentence in this matter." In instructing on the sentence, the military judge advised the court members that they "should consider the . . . personnel information reflecting the accused's conduct and performance including the . . . personnel records."

In his review, the staff judge advocate recognized that "[t]he possibility exists, however, that the court was in error in admitting the DA Form 2–1 into evidence." He then reasoned, that "had the court been uninformed regarding SGT Krewson's civil convictions, . . . it can be fairly assumed that the court would have adjudged at minimum a bad conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for five years." Accordingly, he advised the convening authority to approve this reduced sentence, "[u]pon the assumption that the evidence was wrongfully admitted, in order to remove any prejudice to

---

1. All references to paragraphs are to the Manual for Courts-Martial, United States, 1969 (Revised edition), unless indicated otherwise.

2. In this connection, two departmental regulations (Army Regulation 640–2–1, section V, and AR 600–37, Chapter 2, paragraphs 2–3) were judicially noted without defense objection.

the accused." The recommended reduced sentence was identical with the maximum sentence that the convening authority could lawfully have approved under the terms of his plea bargain with the appellant. In his *Goode* response trial defense counsel noted this coincidence and urged that, instead of the recommended remedial action, a rehearing be granted on the sentence.

Before the United States Army Court of Military Review, appellant once again contended that the remarks in his personnel record about his civil-court conviction were inadmissible, because they pertained to offenses which had occurred after the date of the offense for which he was then being sentenced. The court ruled, however, that the entry had been made in accordance with applicable record-keeping regulations and so was admissible under paragraph 75*d* "to show the appellant's past conduct and performance." 8 M.J. at 665. Having found no error in the court-martial's consideration of appellant's personnel records, the Court of Military Review considered it unnecessary to decide whether the convening authority's reduction of Krewson's sentence, as recommended by the staff judge advocate, had provided an adequate remedy to appellant.

In addition to reasserting in amplified form the arguments made to the military judge, appellant now also claims that the questioned remarks in Item 27 of his personnel record were not entered in compliance with the provisions of AR 640–2–1, referred to in appellant's Motion to File Supplemental Citations of Authority and Motion for Judicial Notice, which motions we granted on March 17, 1981 (10 M.J. 410 C.M.R.). In essence, he contends that the entry in Item 27 was unauthorized because no entry had been made in Item 21 of the same form as to time lost during appellant's enlistment. Appellate government counsel replied that any issue arising out of the failure to record lost time in Item 21 of appellant's personnel record was "affirma-

tively and specifically waived" when defense counsel informed the military judge that his objection concerned only Item 27 of the form.

## II

Several Manual provisions are relevant to determining the admissibility of the remarks in appellant's personnel record concerning his Massachusetts conviction. Paragraph 75*b* (2) deals with "previous convictions of the accused by courts-martial" for "offenses committed during the six years next preceding the commission of any offense of which the accused stands convicted." The 1951 Manual contained similar language, although only previous convictions within the preceding three years could be considered. *See* para. 75*b* (2), Manual for Courts-Martial, United States, 1951. If taken literally, this language would appear to authorize consideration for sentencing purposes of a court-martial conviction occurring subsequent to the offenses for which an accused is on trial, so long as the offenses giving rise to that conviction antedated all of the offenses of which the accused is convicted in the current trial. However, such a situation should occur infrequently, if there is obedience to the Manual requirement that ordinarily all charges against an accused "should be tried at a single trial." *See* para. 33*h*.

In providing for "Permissible additional punishments," the Manual authorizes consideration of certain previous convictions *"adjudged by a court"* during a specified time "next preceding the commission of any offense of which the accused stands convicted." Para. 127*c*, Section B (emphasis added).[3] The difference between this wording, which requires that the earlier *conviction* be prior to the offense of which an accused is now convicted, and that of paragraph 75*b* (2), which omits this requirement, supports an interpretation that, for purposes other than increasing the maximum authorized punishment, a court-martial may consider a conviction for offenses committed prior to

---

3. Three offenses during the preceding year will authorize a dishonorable discharge and confinement for one year. Two prior convictions within the preceding year will allow a bad-conduct discharge and three months' confinement to be adjudged.

those for which the accused now stands convicted, even though the earlier conviction was subsequent to the commission of the crimes currently being tried.

Since paragraph 75*b*(2) deals only with the use in evidence of prior convictions by court-martial, it can be argued—as defense counsel did in the trial of the case at bar—that, by negative implication, the Manual prohibits a court-martial from considering any civil court conviction for sentencing purposes. However, this argument was rejected in *United States v. Cook*, 10 M.J. 138, 140 (C.M.A.1981), where we observed:

Finally, the appellant asserts that if the President had intended to allow the introduction of civil court convictions during the presentencing stage of a court-martial, he could have easily provided for this in paragraph 75*b*(2) of the Manual for Courts-Martial, *supra*. There the President only stated that trial counsel could "introduce evidence of any previous convictions of the accused by *courts-martial*"; he did not say that civil convictions could not be used as evidence during presentencing. As we have already observed, paragraph 75*d* of the Manual clearly permitted the Secretary of the Air Force to promulgate a regulation which would allow the admission of civil court convictions as presentencing evidence.

■ Appellate government counsel now seek to take our reasoning in *Cook* a step further. They insist that not only is a civil-court conviction admissible under paragraph 75*d*, but also that its admissibility is not subject to the limitations imposed by paragraph 75*b*(2) on the admissibility of prior convictions by court-martial. Thus, a civil conviction could be received in evidence even though it was for offenses which occurred after those for which the accused is being court-martialed. Likewise, the requirement in paragraph 75*b*(2) that a prior conviction be for offenses committed within the preceding six years would not apply to a civil-court conviction. Indeed, if this argument is taken to its logical extreme, it would suggest that, despite the specific limitations imposed by paragraph 75*b*(2) on the use of a previous court-mar-

tial conviction, if information as to court-martial convictions is maintained in a service member's personnel records pursuant to departmental regulations, then under paragraph 75*d* that information is admissible without regard to the requirements of paragraph 75*b*(2). We reject this argument that the general provisions of paragraph 75*d* provide a back-door means to avoid the specific limits which paragraph 75 *b*(2) places on the admissibility of prior convictions by court-martial. *Cf. United States v. Brown*, 11 M.J. 263, 266 (C.M.A. 1981). Under such a construction, a formally authenticated court-martial order containing the results of a trial would be inadmissible by reason of paragraph 75*b*(2) but a personnel record based on that order would be admissible under paragraph 75*d*. Such an outcome would turn the best-evidence rule on its head, so we reject it.

Our discussion in *Cook* was not intended to imply that a prior civil-court conviction could be considered by a court-martial without regard to the restrictions paragraph 75*b*(2) would apply to use of a prior court-martial conviction in sentencing. Since paragraph 75*b*(2) contains no express reference to civil-court convictions, it cannot be argued that to admit a Massachusetts conviction for offenses committed subsequent to those now being tried by court-martial would negate the effect of paragraph 75*b*(2). However, the Manual should be viewed as a whole; when this is done, it is difficult to understand why the President would have intended that a prior civil-court conviction be admissible for sentencing purposes when a court-martial conviction for a like offense would not be.

Perhaps, a distinction might be justified on the grounds that the limitation applicable to prior court-martial convictions helps encourage prosecutors and convening authorities to heed the Manual requirement that ordinarily all pending charges be tried at the same time. Para. 33*h*. However, we note that in Executive Order 12315 of July 29, 1981, amending paragraph 75 of the Manual for Courts-Martial, the President has provided that "evidence of prior military or civilian convictions of the accused" may be received if the convictions are "for

offenses committed during the six years next preceding the commission of any offense of which the accused has been found guilty." 46 Fed.Reg. 39107, 39108 (1981). Under this provision prior military and civilian convictions are to be treated in the same manner for sentencing purposes. However, we consider that this change in the language of paragraph 75 was not designed to eliminate a distinction between court-martial and civil-court convictions but instead to clarify that such a distinction had not been intended by the President in the first place.

■ Of course, upon the premise that paragraph 75b(2) applies the same restrictions on the admissibility of civil and military prior convictions, we arrive by our earlier reasoning at the conclusion that the restrictions on admissibility of civil-court convictions cannot be evaded by resort to paragraph 75d. Accordingly, the defense objection to the "remarks" in appellant's personnel records had a firm basis and should have been sustained by the trial judge.

### III

A previous conviction by court-martial may not be considered for sentencing purposes until appellate review has been completed. See para. 75b(2). Similarly, a conviction by civil court or by court-martial may not be used to impeach a witness if the conviction "is undergoing appellate review." Para. 153b(2)(b). The requirement is implicit in the Manual that a civil-court conviction may not be considered by a court-martial for sentencing purposes unless its appellate review has been completed. The recent amendment to paragraph 75 of the Manual makes this requirement explicit; paragraph 75b(3)(b) now states, "Before a civilian conviction is admissible under this paragraph, it must be considered a final conviction under the laws of the jurisdiction in which it occurred; unless specifically provided otherwise by such laws, the conviction will be considered final upon completion of all direct appeals." 46 Fed.Reg. at 39108.

The rationale for requiring proof that a prior conviction is final has been explained in another context in this way:

[W]e have concluded that a judgment of conviction should not be admissible while an appeal therefrom is pending. Both reason and justice dictate this conclusion. Otherwise, the theory that a reversal of a conviction completely wipes out that conviction and makes the situation the same as though it had not been rendered is partially fallacious. For example, assume that while the first conviction is on appeal, it is offered in evidence against defendant for purposes of impeachment in a second case. That prior conviction then is considered by the jury in the second case in determining the guilt or innocence of the defendant therein. Obviously, the conviction was offered and received for the purpose of affecting defendant's credibility. It may well have been the factor that caused the jury in the second case to disbelieve the defendant and to convict him therein. That, at least, is a possibility, if not a probability. We cannot assume that the jury was not so affected. Under those circumstances, the conviction in the first case, which is ultimately reversed and theoretically wiped out completely, remains a factor in the conviction of the defendant in the second case, and to that extent the erroneous conviction is not wiped out and completely eliminated. Surely, the legislature, in enacting § 491.050, did not intend that for the brief period between conviction in the trial court and ultimate action on appeal by the appellate court, the defendant may be impeached and his credibility affected in another case by that first trial court conviction even though it may ultimately be reversed and eliminated on appeal.

*State v. Blevins*, 425 S.W.2d 155, 158–59 (Mo.1968). Of course, this rationale is applicable whether the prior conviction was adjudged by court-martial or by civil court.

■ In the case at bar, the defense objected to the absence of proof that the Massachusetts conviction referred to in appellant's personnel records had become final. There has not been called to our attention any specific provision of the applicable

Army Regulations to the effect that no civil conviction may be entered in a soldier's records until it has become final upon completion of any direct appeals. Thus, we have been furnished no basis for invoking a "presumption of regularity" as a basis to infer that the Massachusetts conviction was final, since otherwise it would not have been included in appellant's record. Accordingly, in view of the defense objection and absent proof that the state-court conviction was final, the military judge should not have received the personnel record in evidence.

IV

In the case at bar, there was significant danger of prejudice to appellant as to his sentence, since the state-court conviction involved offenses very similar to the assault with intent to rape offense of which Krewson was convicted. The court members might readily have inferred that appellant was a recidivist who, for the protection of society, should be confined for a lengthy period.

The staff judge advocate recommended to the convening authority that the prejudicial effect of any error in admitting evidence of the state-court conviction should be remedied by reducing from 15 to 5 years the appellant's sentence to confinement and forfeitures. The Court of Military Review, having ruled that the evidence was properly received, did not address the adequacy of this remedy afforded by the convening authority.

Accordingly, we reverse the decision of the United States Army Court of Military Review as to sentence and return the record of trial to the Judge Advocate General of the Army for submission to that court for a determination of whether the reduction of appellant's sentence by the convening authority completely purged the effects of the original prejudicial error or whether further remedial action is needed.

Judge FLETCHER concurs.

COOK, Judge (dissenting):

I disagree with the majority opinion for three reasons.

1. Paragraph 75d, Manual for Courts-Martial, United States, 1969 (Revised edition), provides that service records maintained pursuant to "regulations which reflect the past conduct . . . of the accused" are admissible in evidence at a court-martial for sentence consideration. I am satisfied that the record of accused's conduct here was maintained as provided by regulations and was properly admitted into evidence. *See* para. 2–3e, AR 600–37 (May 18, 1977); para. 2–20b, AR 27–10 (C 16, November 4, 1975); AR 640–2–1, Item 27 (C 1, January 30, 1975); and my dissent in *United States v. Boles*, 11 M.J. 195, 201 (C.M.A. 1981).

2. The convening authority reassessed the sentence adjudged at trial on the assumption that the evidence was improperly admitted. I am satisfied that, as a matter of law, the action taken to purge the assumed error of prejudice to the accused was not an abuse of discretion, and, must, therefore, stand. *United States v. Dukes*, 5 M.J. 71 (C.M.A.1978).

3. As to the finality of the Massachusetts conviction, this Court can take judicial notice that Massachusetts has no automatic right to appellate review of a conviction and sentence by a criminal court empowered to sentence the defendant to the Massachusetts Correctional Institution. Para. 147, Manual, *supra* (now Mil.R.Evid. 201A(a)). A.L.M.G.L. c. 278, §§ 18, 24, 28, 28B and 33E; A.L.M. Mass.R.Crim.P. 28(c). Consequently, the defendant best knows whether his conviction has been appealed. In my opinion, the accused has the initial obligation to assert the pendency of the appeal, as an objection to the admissibility of the evidence of conviction. *See* my separate opinion in *United States v. Verdi*, 5 M.J. 330, 341 (C.M.A.1978). Assuming the relevance of the pendency of an appeal for the purpose of sentence consideration (*cf. United States v. Gilliland*, 10 U.S.C.M.A. 343, 27 C.M.R. 417 (1959)), the accused's failure to allege the fact that an appeal was pending supports, rather than defeats, the trial judge's ruling on admissibility.

I would affirm the decision of the Court of Military Review.