**UNITED STATES, Appellee,**

v.

**Private (E–1) Gino V. SCOTT, SSN 266–49–7328, United States Army, Appellant.**

**SPCM 15761.**

U. S. Army Court of Military Review.

19 Jan. 1982.

Lieutenant Colonel Jerome E. Kelly, JAGC, Captain Courtney B. Wheeler, JAGC, and Captain Judson W. Roberts, JAGC, were on the pleadings for appellant.

Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, and Captain Michael E. Pfau, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

---

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant pleaded guilty to attempted possession of amphetamines, resisting apprehension, and possession of marihuana, in violation of Articles 80, 95 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 895 and 934 (1976). He was convicted in accordance with his pleas and sentenced to a bad-conduct discharge, confinement at hard labor for six months, and forfeiture of $334.00 pay per month for six months. The convening authority approved the sentence but suspended the confinement in excess of three months.

■ The appellant contends that the military judge erred by admitting evidence of a civilian arrest and conviction. The evidence consisted of the following notation in Item 27 of the appellant's Personnel Qualification Record, Part II (DA Form 2–1, 1 January 1973):

> SM WAS APPREHENDED AND TAKEN TO LAWTON CITY JAIL, LAWTON OK 73501 FOR ARM ROBERY (SIC). SM IS PENDING TRIAL. SM was sentenced to four years in the Madison County Workhouse, Jackson Tenn/On 7 Aug 80 SM was released on a suspended sentence.

Item 21 of the same form reflected that the appellant was confined by civil authorities from 9 April 1980 until 6 August 1980. The trial defense counsel objected on the basis of a lack of "proper foundation, authentication and admissibility." He did not specifically challenge the accuracy of either entry on the DA Form 2–1. The military judge overruled the objection. The appellant now contends that the military judge's ruling was erroneous because the entries were prejudicially misleading in that they appear to reflect two civilian offenses instead of one.

We are satisfied that the entries in Items 21 and 27, read together, relate to a single offense of robbery and that the court members were not misled. Although referring to an arrest in Oklahoma and a conviction in Tennessee, the entry in Item 27 is a continuous one-paragraph entry reflecting one arrest and one conviction. There is only one continuous period of civil confinement reflected in Item 21. If the defense perceived any ambiguity in the entries, they waived their opportunity for clarification by failing to object to them as inaccurate. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 75d.

■ However, we believe that the issue regarding a proper foundation for the evidence of the civilian conviction was preserved by a timely and specific objection. A proper foundation for the admissibility of a civilian conviction includes proof of finality. *United States v. Krewson*, 12 M.J. 157 (CMA 1981).

■ We judicially note that in this case the time for filing an appeal from the civil conviction had run at least three months before appellant's trial by court-martial. *See* Tennessee Rules of Appellate Procedure, Rule 4. In the case of a prior conviction by court-martial, proof of the conviction creates a prima facie showing of finality if it is unimpeached, undisputed and coupled with a lapse of time sufficient to complete appellate review. *United States v. Graham*, 1 M.J. 308 (CMA 1976); *United States v. Reed*, 1 M.J. 166 (CMA 1975). We believe that the same prima facie showing may be made in the case of a civilian conviction and that such a showing of finality was made in this case.* Accordingly, we conclude that it was not error for the mili-

---

* This case is distinguishable from *United States v. Krewson*, 12 M.J. 157 (CMA 1981), in which it could not be determined from the record of trial that sufficient time had elapsed to create a prima facie showing of finality. In *Krewson* the entry on the DA Form 2–1 reflected the date of the arrest, which was after the offenses tried by court-martial, but not the date of the conviction. (The allied papers in the *Krewson* record of trial, which we judicially note, indicate that he pleaded guilty on 27 February 1979 and was sentenced on 8 March 1979, a week before his trial by court-martial. Under Massachusetts law his civil conviction was not final, since he had 30 days after sentencing to appeal. A.L.M. Massachusetts Rules of Appellate Procedure, Rule 4.)

tary judge to admit the evidence of a civilian conviction.

The findings of guilty and the sentence are affirmed.

Senior Judge CARNE and Judge O'DONNELL concur.