UNITED STATES, Appellee,

v.

Tyler H. CANIETE, Utilitiesman Constructionman Apprentice, U.S. Navy, Appellant.

No. 61,479.

NMCM 88 1802.

U.S. Court of Military Appeals.

Aug. 29, 1989.

For Appellant: *Lieutenant Fredric D. Firestone*, JAGC, USNR (argued).

For Appellee: *Lieutenant Commander L. Friedman*, JAGC, USN (argued); *Captain Wendell A. Kjos*, JAGC, USN (on brief).

---

*Opinion of the Court*

SULLIVAN, Judge:

On March 21, 1988, appellant was tried by military judge sitting alone as a special court-martial at Naval Legal Service Office, Pearl Harbor, Hawaii. Pursuant to his pleas, he was found guilty of larceny of a stereo cassette receiver, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge, confinement for 2 months, forfeiture of $447.00 pay per month for 2 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged but suspended for 1 year confinement in excess of 31 days and forfeitures above $200.00 pay per month for 2 months. The Court of Military Review affirmed the findings and sentence in a short-form opinion dated July 13, 1988.

This Court specified review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY ADMITTING PROSECUTION EXHIBITS 1 AND 2 AS EVIDENCE OF PRIOR CONVICTIONS UNDER RCM 1001(b)(3) IN LIGHT OF THE FACT THAT THE CONVICTIONS OCCURRED AFTER THE DATE OF THE OFFENSE FOR WHICH APPELLANT WAS CONVICTED IN THIS TRIAL.

We find no error in the military judge's ruling and hold that the evidence of prior convictions was admissible against appellant at this court-martial. RCM 1001(b)(3)(A), Manual for Courts–Martial, United States, 1984.

The facts of this case are uncontroverted. Sometime in 1987, appellant was disrespectful to a Naval officer and slashed his Division Officer's tires, in violation of Articles 89 and 109, UCMJ, 10 USC §§ 889 and 909, respectively. Around June 13, 1987, appellant went to the Pearl Harbor Auto Hobby Body Shop and stole an Alpine stereo receiver from an inoperative car parked there. According to defense counsel's unrebutted statement, at least one of the former offenses occurred prior to the theft offense involved in the present court-martial.

On November 2, 1987, charges were referred against appellant for the disrespect and property-damage offenses. On November 13, 1987, appellant pleaded guilty

to those offenses and was sentenced to confinement for 3 months, forfeiture of $425.00 pay per month for 3 months, and reduction to E–2. The convening authority suspended confinement in excess of 45 days for 1 year, with provision for automatic remission.

On March 21, 1988, at a second court-martial, appellant pleaded guilty to the larceny offense. In aggravation for sentencing, government counsel introduced evidence of appellant's November 1987 conviction. Defense counsel objected, arguing that this Court's opinion in *United States v. Krewson*, 12 MJ 157 (CMA 1981), prohibited use of convictions obtained between the date of the offense and the date of trial as aggravation evidence.

Government counsel argued that *Krewson* and paragraph 75*b* (2), Manual for Courts–Martial, United States, 1969 (Revised edition), had been superseded by RCM 1001(b)(3)(A), 1984 Manual, *supra,* which did not limit the use of prior convictions. The military judge recessed to consider the objection but later overruled it.

------

The particular question before this Court is whether the decision of this Court in *United States v. Krewson, supra,* has been superseded by RCM 1001(b)(3)(A), which is found in the current Manual for Courts–Martial. The answer depends on the legal basis of our decision in *Krewson* and the content of the new Manual provision.

First, we note that the version of paragraph 75*b* (2) which applied in *Krewson* stated, in relevant part:

The trial counsel will next introduce evidence of any previous convictions of the accused by courts-martial. This evidence is not limited to offenses similar to the one of which the accused stands convicted. *The evidence must, however, relate to offenses committed during the six years next preceding the commission of any offense of which the accused stands convicted.* In computing the six-year period, periods of unauthorized absence as shown by the findings in the case or by

the evidence of previous convictions should be excluded.

(Emphasis added.) In *Krewson,* this language was interpreted to require that only evidence of offenses occurring prior to the charged offense could be considered by the court-martial. 12 MJ at 159–61. Accordingly, as government counsel conceded at trial, had this case been governed by the 1969 Manual, *supra,* the challenged evidence would have been inadmissible.

Appellant, however, was tried by a court-martial convened after the adoption of the Manual for Courts–Martial, United States, 1984. In the new Manual, paragraph 75*b* (2) has been replaced by RCM 1001(b)(3)(A). This new rule states:

*In general.* The trial counsel may introduce evidence of military or civilian convictions of the accused. For purposes of this rule, there is a "conviction" in a court-martial case when a sentence has been adjudged.

The Drafters' Analysis to the 1984 rule further states:

Subsection (3) deletes the exclusion of convictions more than 6 years old. No similar restriction applies to consideration of prior convictions at sentencing proceedings in Federal civilian courts. There is no reason to forbid their consideration by courts-martial, subject to Mil. R.Evid. 403.

App. 21, 1984 Manual, *supra* at A21–63.

It is clear, therefore, from both the express terms of RCM 1001(b)(3)(A) and its analysis that the older rule has been superseded. Several service Courts of Military Review have reached this same conclusion. *See United States v. Hanes,* 21 MJ 647 (ACMR 1985); *United States v. Allen,* 21 MJ 507 (AFCMR), *pet. denied,* 21 MJ 307 (CMA 1985). Accordingly, we must apply the new rule to the case at bar, without the aid of our opinion in *Krewson* and its strict application of the now-superseded paragraph 75*b* (2).

As the analysis quoted above illustrates, RCM 1001(b)(3)(A) was designed to conform sentencing by courts-martial more closely with federal practice. This does not

mean, however, that it was intended that military practice become an identical counterpart of the federal practice. *See United States v. Wingart*, 27 MJ 128, 136 (CMA 1988). For example, military practice does not permit reception of *all* material (*i.e.*, his criminal record) which might be considered under Fed.R.Crim.P. 32(c)(2)(A).* *See United States v. Slovacek*, 24 MJ 140, 141 (CMA), *cert. denied*, 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 115 (1987); *cf. United States v. Bradley*, 812 F.2d 774, 781 (2d Cir.), *cert. denied*, 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987); *United States v. Hansen*, 701 F.2d 1078, 1081 (2d Cir.1983). Instead, military practice is somewhat more selective, and what RCM 1001(b)(3)(A) does permit is consideration of evidence of all prior criminal convictions.

Unlike paragraph 75*b* (2), the plain language of the current rule does not lead to exclusion of convictions occurring between the date of the offense and the date of trial. Rather, its unqualified language permits use of such convictions. Moreover, any ambiguity on this point quickly dissipates since the analysis informs us that federal practice is to be our guide. Federal practice permits use of this same evidence. *United States v. Pruitt*, 341 F.2d 700, 703 (4th Cir.1965); *see Stoker v. United States*, 587 F.2d 438, 440 (9th Cir.1978); *see generally* Fed.R.Crim.P. 32(c)(2)(A) (1989 Supp.). Accordingly, we hold that the military judge made the correct ruling in this case when he admitted evidence of the challenged conviction.

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

---

* As applicable to offenses committed prior to November 1, 1987, Federal Rule of Criminal Procedure 32 read, in relevant part:

**(a) Sentence.**

**(1) Imposition of Sentence.** Sentence shall be imposed without unreasonable delay. Before imposing sentence the court shall

  **(A)** determine that the defendant and the defendant's counsel have had the opportunity to read and discuss the presentence investigation report made available pursuant to subdivision (c)(3)(A) or summary thereof made available pursuant to subdivision (c)(3)(B);

  **(B)** afford counsel an opportunity to speak on behalf of the defendant; and

  **(C)** address the defendant personally and ask the defendant if the defendant wishes to make a statement in the defendant's own behalf and to present any information in mitigation of punishment.

The attorney for the government shall have an equivalent opportunity to speak to the court.

   \*    \*    \*    \*    \*    \*

**(b) Judgment.**

**(1) In general.** A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be signed by the judge and entered by the clerk.

**(2) Criminal Forfeiture.** When a verdict contains a finding of property subject to a criminal forfeiture, the judgment of criminal forfeiture shall authorize the Attorney General to seize the interest or property subject to forfeiture, fixing such terms and conditions as the court shall deem proper.

**(c) Presentence Investigation.**

**(1) When Made.** The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless, with the permission of the court, the defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record.

The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty, except that a judge may, with the written consent of the defendant, inspect a presentence report at any time.

**(2) Report.** The presentence report shall contain—

  **(A)** *any prior criminal record of the defendant;*

  **(B)** a statement of the circumstances of the commission of the offense and circumstances affecting the defendant's behavior;

  **(C)** information concerning any harm, including financial, social, psychological,and physical harm, done to or loss suffered by any victim of the offense; and

  **(D)** any other information that may aid the court in sentencing, including the restitution needs of any victim of the offense.

(Emphasis added.)