**Ex parte Sherri Denise SHILLINGS.**

**No. 67995.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 17, 1982.

Michael M. Fricke, Port Lavaca, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. States Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is an original habeas corpus action. Petitioner challenges a condition of her probation in two orders deferring adjudication of guilt. Art. 42.12, Sec. 3d(a), V.A.C.C.P. The orders were entered following petitioner's pleas of guilty to the theft of one or more head of cattle. V.T.C.A. Penal Code, Sec. 31.03(d)(4)(A). The conditions of probation challenged require petitioner to be incarcerated in one cause for 30 days and 18 days in the other cause.

Petitioner maintains that incarceration is not a reasonable term and condition of probation which a court may require in an order deferring adjudication of guilt under Art. 42.12, Sec. 3d(a), supra. That statute provides as follows:

"When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation on reasonable terms and conditions as the court may require and for a period as the court may prescribe not to exceed 10 years. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases."

In *McNew v. State,* 608 S.W.2d 166, the defendant contended that Art. 42.12, Sec. 3d(a), supra, is unconstitutional in that it allows a court to place a defendant on probation prior to a conviction. The Court rejected this contention and stated:

"... 'Probation' is defined in Article 42.-12, Section 2(b), Vernon's Ann.C.C.P., as follows:

"'Section 2 * * *

"*Unless the context otherwise requires,* the following definitions shall apply to the specified words and phrases as used in this Article:

"'b. "Probation" shall mean the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended.' (Emphasis added).

"'Probation,' as used in Article 42.12, Section 3d(a), Vernon's Ann.C.C.P., is a procedure which does not include an adjudication of guilt. Moreover, under Article 42.12, Section 3d(a), no sentence is assessed and the imposition of a sentence is not suspended. The definition of 'probation,' as used in Article 42.12, Section 2(b), Vernon's Ann.C.C.P., cannot be reconciled with the *context* in which the term 'probation' is used in Article 42.12, Section 3d(a). We therefore hold that 'probation,' as used in Article 42.12, Section 3d(a), is not the equivalent of 'probation,' as defined by Article 42.12, Section 2(b), Vernon's Ann.C.C.P. or Article 4, Section 11–A of the Constitution. Thus, since the procedure designated as 'probation' in Article 42.12, Section 3d is not the equivalent of 'probation,' as used in Article 42.12, Section 2(b) or Article 4, Section 11–A of the Constitution, 'probation' pursuant to Article 42.12, Section 3d may be

granted before a defendant is 'convicted' without any violation of Article 4, Section 11–A. Appellant's second contention is overruled." (Emphasis in original). Id. at 172.

With regard to the possibility of imprisonment as a condition of probation, Art. 42.12, Sec. 6b(a) and (b) provide:

"(a) When the court having jurisdiction of the case grants probation to the defendant, in addition to the conditions imposed under Section 6 of this article, the court may require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of imprisonment not to exceed 30 days or one-third of the sentence whichever is lesser.

"(b) The imprisonment imposed shall be treated as a condition of probation, and in the event of a sentence of imprisonment upon the revocation of probation, the term of imprisonment served hereunder shall be credited toward service of such subsequent imprisonment."

In *Ex Parte Laday,* 594 S.W.2d 102 (Tex. Cr.App.1980), the defendant complained that the court erred in denying bail pending a hearing to determine whether there should be an adjudication of guilt pursuant to Art. 42.12, Sec. 3d(b), supra. After noting that a defendant whose adjudication of guilt has been deferred has not yet been convicted, this Court held that such a defendant is entitled to bail pending an adjudication hearing.

It is thus clear that following an order deferring an adjudication of guilt, there has been no conviction. We find that a condition of probation following an order deferring an adjudication of guilt under Art. 42.12, Sec. 3d(a), supra, which orders the defendant incarcerated is unreasonable. Although styled a condition of probation, such incarceration stems from an offense for which there has been no conviction. We therefore hold that Art. 42.12, Sec. 6b(a), supra, allowing imprisonment as a condition of probation has no application to the conditions of probation which may be imposed following an order deferring an adjudica-

tion of guilt. Such a condition may be imposed only after "probation" is granted as that term is defined in Art. 42.12, Sec. 2(b), supra.

The relief sought is granted. It is ordered that the conditions of petitioner's probation requiring incarceration be deleted from the court's orders. See *Basaldua v. State,* 558 S.W.2d 2 (Tex.Cr.App.1977).

It is so ordered.

DALLY, W.C. DAVIS and McCORMICK, JJ., dissent.