

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

November 13, 1985

Mr. Don R. Stiles
Executive Director
Texas Adult Probation Commission
8100 Cameron Road
Suite 600, Building B
Austin, Texas    78753

Opinion No. JM-377

Re: Whether a felony probationer who has been placed on deferred adjudication is eligible for placement in a restitution center

Dear Mr. Stiles:

You ask whether a defendant who is accused of a felony and who is placed on deferred adjudication under section 3d of article 42.12 of the Texas Code of Criminal Procedure may be placed in a restitution center pursuant to section 6c of article 42.12 as a condition of deferred adjudication "probation."

Section 3d provides, in part:

> (a)  Except as provided by Subsection (d) of this section [exception for defendant charged with certain offenses], when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation for a period as the court may prescribe, not to exceed 10 years. The court may impose a fine applicable to the offense and require any reasonable terms and conditions of probation, including any of the conditions enumerated in Sections 6 and 6a of this Article. However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the court shall proceed to final adjudication as in all other cases. (Emphasis added).

Your request turns on whether the legislature intended section 3d to authorize a court to place a defendant who is on deferred

adjudication in a restitution center. As a general rule, courts have wide discretion in granting probation and in imposing the conditions of probation. See Macias v. State, 649 S.W.2d 150, 152 (Tex. App. - El Paso 1983, no pet.). Nevertheless, this discretion must be viewed in light of the fact that deferred adjudication "probation" differs from "probation" as used elsewhere in article 42.12.

The Texas Court of Criminal Appeals in Ex parte Shillings, 641 S.W.2d 538 (Tex. Crim. App. 1982), addressed whether subsection (a) of section 3d was intended to include conditions of probation set forth in section 6b of article 42.12. At that time, section 3d(a) simply stated that the court may "place the defendant on probation on reasonable terms and conditions." Id. at 539. In Shillings, the defendant challenged a condition of her probation which appeared in two orders deferring adjudication of guilt. The conditions, imposed pursuant to section 6b, required that the defendant be incarcerated for 30 days in one cause and for 18 days in another cause. The court determined that deferred adjudication "probation" in section 3d(a) is not the equivalent of the traditional concept of probation as defined and applied generally in article 42.12. Ex parte Shillings, 641 S.W.2d at 539 (citing McNew v. State, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978)). The court reasoned that section 2(b) defines probation as the release of a "convicted" defendant and expressly recognizes that the context of a particular section may require a different definition. In deferred adjudication "probation" under section 3d(a), the court makes no adjudication of guilt and imposes no sentence; therefore, no conviction occurs. Id. Accordingly, the court stated that

> Art. 42.12, Sec. 6b(a), supra, allowing imprisonment as a condition of probation has no application to the conditions of probation which may be imposed following an order deferring an adjudication of guilt. Such a condition may be imposed only after 'probation' is granted as that term is defined in Art. 42.12, Sec. 2(b), supra.

641 S.W.2d at 540. A similar analysis must be applied to section 3d(a) of article 42.12 in conjunction with section 6c.

The language of section 6c itself supports the view that it was not intended to apply to defendants on deferred adjudication. The section provides, in part:

> (a) If a judge sentences a defendant to a term of imprisonment in the Texas Department of Corrections and the defendant is eligible for probation, the judge may suspend imposition of the sentence of imprisonment and require as a condition of probation, in addition to the conditions

imposed under Section 6 of this article, that the
defendant serve an alternate probationary sentence
of not less than six months or more than 12 months
in a restitution center if [certain conditions are
met].  (Emphasis added).

(Text of section 6c as added by Acts 1983, 68th Leg., ch. 237, §2, at
1057.)  The term "sentence" cannot logically include deferred
adjudication "probationers" because a defendant cannot be sentenced
until he is adjudicated guilty.

Moreover, the present wording of section 3d(a) of article 42.12
compels the result reached in Shillings even more conclusively than
the version at issue in Shillings.  The language considered in
Shillings authorized the court to "place the defendant on probation on
reasonable terms and conditions."  641 S.W.2d at 539.  Section 3d(a)
was amended in 1981 to provide that

[t]he court may impose a fine applicable to the
offense and require any reasonable terms and con-
ditions of probation, including any of the condi-
tions enumerated in Sections 6 and 6a of this
Article.

Acts 1981, 67th Leg., ch. 544, §1, at 2263.

You suggest that the use of the term "including" implies that the
court is not limited to the conditions set forth in sections 6 and 6a
but may also impose the conditions of 6c.  Clearly, the court is not
limited to the conditions expressly set forth in sections 6 and 6a.
The language of section 6 itself emphasizes that the terms and
conditions of probation are not limited to enumerated conditions.
Given that the legislature included an express reference to both
sections 6 and 6a, however, it would also have included a reference to
section 6c if section 6c were intended to apply.  See, e.g., Acts
1981, 67th Leg., ch. 544, §2, at 2263 (amending section 3d(a) of
article 42.13 to include section 6c).  Consequently, we believe that
the court is limited to conditions of the general nature and severity
of those specified in sections 6 and 6a.

We are aware that the court in Gardner v. State, 632 S.W.2d 851,
854-55 (Tex. App. - Houston [14th Dist.] 1982, no pet.) held that
section 6b was intended to become part of "section 6" as used in an
early version of section 3a (dealing with regular probation) which
stated that "the court may impose only those conditions which are set
forth in Section 6 hereof."  At the time this version of section 3a
was originally enacted, section 6 was the only provision which
described probation conditions.  Thus, the legislative intent upon
which the court relied in Gardner is inapplicable to the case at hand.

Moreover, section 3a covered probation conditions applicable to a wide variety of <u>convicted</u> defendants, but not probation conditions applicable to a defendant cn deferred adjudication under section 3d. The legislature included an express reference to sections 6 and 6a in section 3d; we believe that it would also have included section 6c if it intended section 6c to apply to deferred adjudication "probation."

## S U M M A R Y

A defendant who is placed on deferred adjudication pursuant to subsection (a) of section 3d of article 42.12 of the Texas Code of Criminal Procedure may not be placed in a restitution center pursuant to section 6c of article 42.12 as a condition of deferred adjudication "probation."

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk