UNITED STATES, Appellee,

v.

Louis F. SLOVACEK, Senior Airman,
U.S. Air Force, Appellant.

No. 54,049.

ACM 24800.

U.S. Court of Military Appeals.

June 8, 1987.

Certiorari Denied Oct. 5, 1987.
See 108 S.Ct. 161.

For appellant: *Major Deborah A. Baker*
(argued); *Colonel Leo L. Sergi* and *Major
William H. Lamb* (on brief).

For appellee: *Captain Mark Van Nuys*
(argued); *Colonel Kenneth R. Rengert* (on
brief); *Lieutenant Colonel Donal F. Hart-
man, Jr.; Major Thomas O. Maser,*
USAFR.

SULLIVAN, Judge:

Appellant was tried by a general court-martial composed of a military judge alone on March 6, 1985, at Homestead Air Force Base, Florida. Pursuant to his pleas, he was found guilty of kidnapping, sodomy, and wrongful use of marihuana, in violation of Articles 134, 125, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 925, and 912a, respectively. Contrary to his pleas, he was found guilty of one specification of burglary, in violation of Article 129, UCMJ, 10 U.S.C. § 929. Appellant was sentenced to a dishonorable discharge, confinement for life, total forfeitures, and reduction to E–1. The convening authority approved this sentence. The Court of Military Review affirmed the findings and the sentence except for confinement in excess of 60 years. 21 M.J. 538.

We granted review of the following issue:

WHETHER R.C.M. 1001*b*(3) PRE-CLUDES THE INTRODUCTION IN SENTENCING OF JUVENILE RECORDS OF THE APPELLANT.

We hold that error occurred in the admission of this evidence at appellant's court-martial. Nevertheless, we find such error was harmless. Art. 59(a), UCMJ, 10 U.S.C. § 859(a); Mil.R.Evid. 103, Manual for Courts-Martial, United States, 1984.

The facts pertinent to this appeal are not in dispute. After smoking a marihuana cigarette and consuming large amounts of alcohol, appellant drove to the on-base resi-

dence of a fellow servicemember. He entered the house and abducted a 3–year–old child. He then drove to an isolated area off-base, had the child perform fellatio on him, and returned the victim to a location near her home, at which time he was apprehended.

Three days later appellant executed a sworn statement admitting his actions with the child. In that confession, appellant also gratuitously acknowledged prior acts of misconduct while he was a juvenile living in Ohio. His admission as evidenced in the record reads as follows:

Also, when I was 17 years old, I spent a year in a Juvenile maximum security facility. I was arrested for assault. A friend of my ALAN GOINES (unsure of last name), Were out looking for girls, we saw a girl we knew from school and asked her for a ride. She gave us the ride, and ALAN ended up trying her up and telling her that we were going to force her to have sex with us. I stopped ALAN from doing anything. We were caught by the police, I went to court and was sentenced. The incident occurred in Cincinnati, OH, in Nov 74. I was in 11 grade at the time. Alan was 15, and the girl, whose name I can't remember, was 17. The incident occurred at Hawthorne or Grand Street. At the time I was living on Considine Street, and ALAN lived two houses away. I don't know where he is now. I have thought about having sex with young girls age 11 and up; however, I never have. I further state that I have had no other sexual contact with [the child] or any other small children.

During sentencing, copies of records from the Hamilton County, Ohio, Court of Common Pleas, Juvenile Division, were received as three prosecution exhibits. The information contained therein indicates appellant was adjudged a delinquent for abduction, possession of a deadly weapon during a theft, and causing physical harm with a deadly weapon. The defense objected to admission of these records because "juvenile convictions" are inadmissible for sentencing purposes at a court-martial. In an earlier motion, he characterized them as "juvenile adjudications."

■ Appellate defense counsel carries that argument forward on this appeal and maintains that juvenile records do not amount to a "conviction" within the meaning of R.C.M. 1001(b)(3)(A), Manual, *supra.* It provides:

The trial counsel may introduce evidence of military or civilian convictions of the accused. For purposes of this rule, there is a "conviction" in a court-martial case when a sentence has been adjudged.

The Government, on the other hand, urges this Court to broadly interpret this evidentiary rule to conform sentencing practice at courts-martial to that in federal civilian courts. *See United States v. Hansen,* 701 F.2d 1078, 1082–83 (2d Cir.1983). We agree with defense counsel. Our starting point in resolving this question is the language of R.C.M. 1001(b)(3)(A). *See* Art. 36, UCMJ, 10 U.S.C. § 836. The word "conviction" is not fully defined in this rule of military procedure. However, Mil.R.Evid. 609(d), which was also promulgated by the President, implicitly recognizes a difference between a conviction and a juvenile adjudication.

It states:

(d) *Juvenile adjudications.* Evidence of juvenile adjudications is generally not admissible under this rule. The military judge, however, may allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the military judge is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.

Consistency in recognizing a difference between the two is appropriate. *See generally* R.C.M. 102. In addition, excessive reliance on federal civilian sentencing practice is misplaced. Sentencing is exclusively a function of a judge in federal civilian criminal courts, and a reluctance to expose lay members at courts-martial to such a broad range of sentencing information is

understandable. *See generally United States v. Mack,* 9 M.J. 300, 316–19 (C.M.A. 1980); App. 21, Analysis, R.C.M 1001, Manual, *supra.*

■ Accordingly, we hold that a juvenile adjudication is not a conviction for purposes of R.C.M. 1001(b)(3)(A). Error occurred in this case. However, this error was harmless because these prosecution exhibits were substantially cumulative of the admissions of appellant in his pretrial statement which were noted earlier. This statement had already been received in evidence on the merits of the burglary charge. In this regard R.C.M. 1001(f)(2)(A) states:

(f) *Additional matters to be considered.* In addition to matters introduced under this rule, the court-martial may consider—

\* \* \* \* \* \*

(2) *Any evidence properly introduced on the merits before findings, including:*

(A) *Evidence of other offenses or acts of misconduct even if introduced for a limited purpose.*

(Emphasis added.) Prejudice in this context is illusory since this information was already properly before the judge for sentencing purposes.

The decision of the United States Air Force Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.