**UNITED STATES, Appellee,**

v.

**Dwayne K. HUGHES, Private First Class, U.S. Army, Appellant.**

No. 57,713.

CM 8600932.

U.S. Court of Military Appeals.

May 9, 1988.

For Appellant: *Captain John J. Ryan* (argued); *Colonel John T. Edwards, Lieutenant Colonel Joel D. Miller, Captain Donald G. Curry, Jr.* (on brief); *Colonel Brooks B. La Grua and Major Jerry W. Peace.*

For Appellee: *Captain George R. Gillette* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Byron J. Braun* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge:

Appellant was tried by a military judge sitting as a general court-martial at Fort Hood, Texas. Pursuant to his pleas, appellant was convicted of larceny and false swearing, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 934, respectively. His sentence was a bad-conduct discharge, confinement for 6 months, total forfeitures, and reduction to the lowest enlisted grade. After the convening authority approved and the Court of Military Review affirmed these results, we granted review of this issue:

> WHETHER THE MILITARY JUDGE ERRED BY ADMITTING AS AGGRAVATION EVIDENCE DURING SENTENCING A PURPORTED CIVILIAN CONVICTION WHICH ON ITS FACE INDICATED IT WAS NOT A CONVICTION.

During the sentencing proceedings, the Government offered in evidence an "Order Deferring Adjudication" that had been entered by the County Court At Law in Bell County, Texas. The offense involved was the misdemeanor of evading an arrest. Hughes had pleaded guilty to this offense but, instead of being sentenced, had been placed on probation pursuant to this order. The defense objected to the introduction of this document; but the judge admitted it as a "conviction" under R.C.M. 1001(b)(3)(A), which provides:

> The trial counsel may introduce evidence of military or civilian convictions of the accused. For purposes of this rule, there is a "conviction" in a court-martial case when a sentence has been adjudged.

The Drafters of this Rule have stated:

Whether an adjudication of guilt in a civilian forum is a conviction will depend on the law in that jurisdiction.

Drafters' Analysis to R.C.M. 1001(b)(3), App. 21, Manual for Courts-Martial, United States, 1984. The order deferring adjudication indicates on its face that "further proceedings" were deferred "without entering an adjudication of guilt." The wording of the applicable Texas statute is:

> When in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on probation... However, upon written motion of the defendant requesting final adjudication filed within 30 days after entering such plea and the deferment of adjudication, the Court shall proceed to final adjudication as in all other cases.

Article 42.12, § 3d(a), Vernon's Annotated Code of Criminal Procedure.

Under Texas law, an order deferring adjudication pursuant to this statute is not a conviction, because

> a "conviction" regardless of the context in which it is used, *always* involves an *adjudication of guilt.* Thus, since the procedures delineated in Article 42.12, Section 3d(a), Vernon's Ann.C.C.P., do not involve an adjudication of guilt until after probation is revoked, it is clear that a trial judge's action in deferring the proceedings without entering an adjudication of guilt is not a "conviction."

*McNew v. State,* 608 S.W.2d 166, 172 (Tex. Cr.App.1978); *see also Ex parte Shillings,* 641 S.W.2d 538, 540 (Tex.Cr.App.1982). Thus, it would seem clear that such an order also is not a "conviction" for purposes of R.C.M. 1001(b)(3)(A).

The Government argues, however, that, since for sentencing purposes in certain trials, Texas allows introduction of an order deferring adjudication, *see Brown v. State,* 716 S.W.2d 939 (Tex.Cr.App.1986), such an order should also be admissible in a court-martial for sentencing. We disagree because, regardless of any policy arguments that might support this contention, our guidance must be taken from the plain language of R.C.M. 1001(b)(3)(A).

Thus, in *United States v. Slovacek,* 24 M.J. 140 (C.M.A.), *cert. denied,* —— U.S. ——, 108 S.Ct. 161, 98 L.Ed.2d 115 (1987), we concluded that evidence of an Ohio juvenile adjudication erroneously had been received for sentencing purposes. Our conclusion was that such an adjudication should not be considered a "conviction" within R.C.M. 1001(b)(3)(A)—especially since under Mil.R.Evid. 609(d), Manual, *supra,* a juvenile adjudication may not be used for impeachment of a witness.[1]

In *United States v. Smith,* 25 M.J. 222 (C.M.A.1987), we relied on *Slovacek* in holding that a Georgia record of probation should not have been admitted for sentencing purposes. This record was inadmissible because it was not a "conviction" in Georgia, regardless of its admissibility for sentencing in a Georgia trial.[2]

Admittedly, in one respect the conclusion that we have reached does not produce uniformity, since an "order deferring adjudication" may be a "conviction" in one state but not in another. However, in another way there will be uniformity—that which is obtained by applying the single test of whether a State court order is considered by that State to be a "conviction." This is far preferable to accepting the Government's suggestion that we seek to determine whether an order would be ad-

---

1. In Texas a deferred adjudication also may not be used for impeachment of a witness. *See Green v. State,* 663 S.W.2d 145 (Tex.App.1983).

2. In *United States v. Cook,* 10 M.J. 138 (C.M.A. 1981), we upheld admission in evidence of the record of a Florida court action whereunder

adjudication of guilt and imposition of sentence had been withheld; but there we concluded that, for purposes of an Air Force Regulation concerning military personnel records, this action was a "conviction."

missible during sentencing proceedings in the State where it was rendered.[3]

Under our holding, a court-martial may not have all the information available to it for sentencing that would be possessed by a federal or state judge engaged in performing the same task. However, as we interpret R.C.M. 1001(b)(3)(A), the President has made the choice as to what evidence may be considered for sentencing purposes; and we are not authorized to overrule that choice. We conclude that

admission of the exhibit was prejudicial error as to sentence.

The decision of the United States Army Court of Military Review is reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army for remand to that court for reassessment of the sentence or, if that court deems it more appropriate, for a rehearing on sentence.[4]

Judges COX and SULLIVAN concur.

---

**3.** There are occasions when military justice is affected by state law. For example, under the Assimilative Crimes Act, 18 U.S.C. § 13, military installations in one state are subject to a body of criminal law that may be quite different from that governing military installations in a different state.

**4.** *See United States v. Suzuki*, 20 M.J. 248 (C.M. A.:1985).