**UNITED STATES, Appellee,**

v.

**William P. BROWNING, Captain, U.S. Air Force, Appellant.**

No. 60,602.

ACM 26353.

U.S. Court of Military Appeals.

Sept. 27, 1989.

For Appellant: *Major Lynne H. Wetzell* (argued); *Colonel Richard F. O'Hair* (on brief).

For Appellee: *Major Terry M. Petrie* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni* (on brief).

*Opinion*

COX, Judge:

This case presents the narrow question of whether certified true copies of Uniform Traffic Tickets in the state of South Carolina are admissible as evidence of prior convictions pursuant to RCM 1001(b)(3), Manual for Courts–Martial, United States, 1984.[1] Although we are unable to agree upon a resolution of this question of South Carolina law, a majority of the Court agrees that admission of the tickets did not prejudice a substantial right of appellant. Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a). We, therefore, uphold the decision of the Court of Military Review.

The Government introduced two prosecution exhibits over timely defense objection. Prosecution exhibit 1 contains certified copies of two State of South Carolina Uniform Traffic Ticket(s) [Form S–438 (Rev.8–81) ], numbered 00539 and 00540. Ticket No.

---

1. Appellant pleaded guilty to violating a lawful order, assault and battery, and communicating a threat, in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 USC §§ 892, 928, and 934, respectively. He was sentenced to dismissal from the Air Force and forfeiture of $1000.00 pay per month for 6 months. His sentence to forfeitures was modified on reassessment by the Court of Military Review in unpublished decisions dated February 11 and April 7, 1988 (on reconsideration). We granted review of the following two issues:

I

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF AP-PELLANT BY ADMITTING PROSECUTION EXHIBIT 1, AS THE DOCUMENT FAILED TO MEET THE NECESSARY PROOF REQUIREMENTS FOR THE ADMISSION OF PRIOR CONVICTIONS.

II

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF AP-PELLANT BY ADMITTING THE PORTION OF PROSECUTION EXHIBIT 2 WHICH RE-FERRED TO THE CONVICTION AS A SEC-OND OFFENSE AND BY ADMITTING THE ATTACHED TRAFFIC TICKET WHICH RE-FERRED TO AN ALLEGED OFFENSE OF LEAVING THE SCENE OF AN ACCIDENT.

00539 shows that appellant "did not appear" and "forfeited bond" on a charge of "DUI 1st offense" (driving under the influence), in violation of Title 56 (Traffic Regulations), South Carolina Code Annotated § 56–5–2930 (1976). Ticket No.00540 indicates that appellant "did not appear" and "forfeited bond" on a charge of unlawfully possessing alcohol, in violation of S.C.Code Ann. § 61–5–30. The question we must decide is whether these were admissible under the Rules for Courts–Martial.

 Whether an adjudication by one of the several states is a conviction is a matter of state law. *United States v. Hughes*, 26 MJ 119 (CMA 1988); *United States v. Slovacek*, 24 MJ 140 (CMA), *cert. denied*, 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 115 (1987). S.C.Code Ann. § 56–5–2960 provides:

> The entry of any plea of guilty, *the forfeiture of any bail posted* or the entry of plea of nolo contendere for violation of any provision of this chapter .... shall have the same effect as a conviction after trial under such provisions of such chapters, laws or ordinances.

(Emphasis added.) Thus, for certain purposes and subject to certain limitations, forfeiture of bail posted is a conviction under the statutory laws of South Carolina.

There are two basic limitations to using the resulting convictions:

(1) The use of the convictions in *civil* trials is prohibited by S.C.Code Ann. § 56–5–6160.[2] (2) It is also clear that neither a plea of *nolo contendere* nor a forfei-

ture of bail constitutes an admission of guilt, and evidence that a person has forfeited bail may not be used for purposes of impeachment. *Samuel v. Mouzon*, 282 S.C. 616, 320 S.E.2d 482, 485, 486 (ADDENDUM) (1984).

However, for the purpose of proving prior convictions for traffic offenses or for determining the status of offenders or appropriate punishment for recidivists and the like, a defendant has a conviction if he has forfeited bail on a Uniform Traffic Ticket.

The certified copies of the tickets introduced by the Government satisfy the requirements for authenticity and for admissibility under the Military Rules of Evidence. *See* Mil.R.Evid. 803(8), Manual. *supra;* S.C.Code Ann. § 56–1–800 (for certain records) and §§ 19–5–10 to 19–5–70 (for others).[3] In any event, appellant made no objection questioning either the authenticity of the convictions or contending that the convictions were made in deprivation of any constitutional rights, such as the right to counsel. *See*, however, *United States v. Pitts*, 18 MJ 522 (AFCMR), *pet. denied*, 19 MJ 126 (1984), for treatment of an unauthenticated record of a civil conviction.[4]

Although I am satisfied from my review of the pertinent South Carolina statutory and case law that a forfeiture of bail on a traffic ticket equals an adjudication of guilt, neither of my learned colleagues agrees. The plain and ordinary meaning of adjudication is a decision, judgment, or sentence; a determination indicating finality.

---

2. Section 56–5–6160 of the 1976 Code of Laws of South Carolina Annotated provides:
 No evidence of conviction of any person for any violation of this chapter shall be admissible in any court in any civil trial.

3. We note that the Uniform Traffic Ticket is the exclusive record of a traffic offense under Title 56 of the South Carolina Code of Laws. It is used to issue a citation which confers jurisdiction upon the appropriate magistrate, traffic, or recorders' court. S.C.Code Ann. § 56–7–10. It likewise serves as the official record of conviction.

4. We are concerned that trial counsel was unprepared to demonstrate to the military judge

that South Carolina law supported admissibility of these exhibits. Likewise, defense counsel made no effort to convince the military judge that the documents were inadmissible under South Carolina law. Both lawyers "shot from the hip":

 TC: Well, South Carolina must have considered it a conviction. They—they sentenced him to thirty days in jail. I don't see how they could sentence him to jail if it wasn't some kind of a conviction.
 
 \* \* \* \* \* \*
 
 DC: I'm a Yankee lawyer, sir. I don't know anything about South Carolina law.

A forfeiture results in a judgment and a sentence. It is by definition an "adjudication." If it is not an "adjudication," what is it? In any event, I would urge the President to consider revising RCM 1001(b)(3) to spell out—at least so that two of the judges can agree—whether traffic tickets are admissible in sentencing, particularly when they are germane to the sentencing decision.

In any event, given the defense strategy of placing the nature and extent of appellant's alcohol problem in issue, the revelation of the alcohol-related driving offenses did not prejudice appellant in this trial by military judge alone. Art. 59(a).

The decision of the United States Air Force Court of Military Review is affirmed.

Judge SULLIVAN concurs in the result.

EVERETT, Chief Judge (concurring in the result):

As the lead opinion points out, "Whether an adjudication by one of the several states is a conviction is a matter of state law." 29 MJ 174, 175 *See United States v. Hughes*, 26 MJ 119 (CMA 1988). A South Carolina statute provides that "entry of any plea of guilty, the *forfeiture of any bail posted* or the plea of nolo contendere for" driving "under the influence of intoxi-cating liquor, drugs or narcotics shall have the same effect as a conviction after trial" for certain purposes. South Carolina Code Annotated § 56–5–2960 (emphasis added). *See also* § 56–5–2970 (Reports to [State Highway] Department of convictions, certain pleas and bail forfeitures). On the other hand, as noted in the lead opinion, for some purposes the forfeiture of bail is not treated as a conviction. *See Samuel v. Mouzon*, 282 S.C. 616, 320 S.E.2d 482, 485 (1984). Moreover, appellate government counsel's brief concedes:

> While perhaps common sense would imply it, our research failed to turn up anything that suggested the South Carolina statutory scheme treated a forfeiture of bond for a violation of this provision [§ 56–5–2930] as the equivalent of a conviction after trial.

Although I am persuaded that, under South Carolina law, a forfeiture of bail for some purposes has "the same effect as a conviction after trial," I still am unconvinced that it constitutes a "conviction" within the contemplation of RCM 1001(a)(1)(A)(iii), Manual for Courts-Martial, United States, 1984. Therefore, I conclude that the two traffic tickets were inadmissible; however, I agree that the error was harmless. *See* Art. 59(a), Uniform Code of Military Justice, 10 USC § 859(a).