### Ex parte Terry L. GINGELL.

### No. 71230.

Court of Criminal Appeals of Texas, En Banc.

Nov. 25, 1992.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Alan Curry and Russel Turbeville, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MALONEY, Judge.

This is an original application for writ of habeas corpus challenging a condition of deferred adjudication probation. *See Ex Parte Shillings*, 641 S.W.2d 538 (Tex.Cr. App.1982).

The challenged condition requires ninety (90) days of twenty-four (24) hour house arrest and electronic monitoring. On April 19, 1991, this Court granted leave to file the instant application and stayed enforcement of the challenged condition pending further orders from this Court. *See* TEX. R.APP.P. 211(c). We will grant relief.

Applicant was placed on ten (10) year deferred adjudication probation for felony theft. Art. 42.12, § 5, V.A.C.C.P.. Originally, one of the conditions of the probation was that applicant serve ninety (90) days in the Harris County Jail. On April 10, 1991, a reformation hearing was held and applicant objected to the order of incarceration citing *Ex Parte Shillings*. The trial court then reformed the conditions; deleting the jail time and imposing instead "ninety days of twenty four hour house arrest and electronic monitoring."

█ Article 42.12, section 21(a) of our Code of Criminal Procedure provides:

*If a judge sentences a defendant to a term of confinement in the county jail or imprisonment in the institutional division of the Texas Department of Criminal Justice,* [and] the defendant is eligible for probation, and the district is served by a district probation office that has an electronic monitoring program approved by the community justice assistance division of the Texas Department of Criminal Justice, *the judge may suspend imposition of the sentence of imprisonment or confinement and require as a condition of probation that the defendant submit to electronic monitoring.* The judge may also require the defendant to submit to testing for controlled substances.

Art. 42.12, § 21(a), V.A.C.C.P. (emphasis added). A plain reading of this article demonstrates that the trial court can impose electronic monitoring in lieu of incarceration.

█ It follows, then, that the trial court could impose electronic monitoring only if it could incarcerate applicant as a condition to his probation. We have held that incarceration is an unreasonable condition of deferred adjudication probation. *Ex Parte Shillings*. Because applicant was placed on deferred adjudication, the trial court could not incarcerate applicant as a condition to his probation; therefore, it similarly lacked authority to impose electronic monitoring.

We hold that electronic monitoring is an unreasonable condition of deferred adjudication probation. The relief sought is granted, and the trial court's orders are reformed to delete electronic monitoring as a condition of applicant's deferred adjudication probation.

McCORMICK, P.J., concurs in the result.