UNITED STATES, Appellee,

v.

Alicia D. WHITE, Specialist
U.S. Army, Appellant.

No. 96–1253.
Crim.App. No. 9501672.

U.S. Court of Appeals for
the Armed Forces.

Argued June 5, 1997.

Decided Sept. 15, 1997.

For Appellant: *Captain John M. Head*
(argued); *Colonel John T. Phelps, II, Lieutenant Colonel Michael L. Walters, and Major Leslie A. Nepper* (on brief); *Major J. Frank Burnette.*

For Appellee: *Captain Theresa A. Gallagher* (argued); *Lieutenant Colonel Eva M. Novak, Major Virginia G. Beakes, and Captain Louis E. Peraertz* (on brief).

*Opinion of the Court*

EFFRON, Judge:

At a general court-martial composed of a military judge sitting alone at Fort Benning, Georgia, appellant was convicted, pursuant to her pleas, of 2 specifications each of larceny, forgery, and uttering forged checks, and one specification of wrongful appropriation, in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 USC §§ 921 and 923, respectively. The military judge sentenced her to a bad-conduct discharge, confinement and forfeiture of $900.00 pay per month for 15 months, and reduction in grade to E–1. The convening authority approved these results, and the Court of Criminal Appeals affirmed without opinion.

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT WHEN HE ADMITTED IN AGGRAVATION, OVER DEFENSE OBJECTION, DOCUMENTS (PROSECUTION EXHIBIT 3) LABELED AS WARRANTS, WHICH THE GOVERNMENT OFFERED AS PRIOR CONVICTIONS OF APPELLANT, WHICH WERE NOT CONVICTIONS UNDER THE CONTROLLING STATE LAW.

For the reasons stated below, we affirm.

I

During the presentencing proceedings, the prosecution introduced certified copies of four documents, each entitled "Criminal Warrant," issued in 1994 by the Municipal Court of Columbus, Georgia, for uttering checks without sufficient funds. The defense objected to admission of the warrants, but the military judge admitted the documents without comment. Appellant's plea to the charges described on the Criminal Warrants was "Nolo." Appellant subsequently testified during sentencing proceedings, and she confirmed that she had paid the fines imposed for each bad check noted on the warrants.

Admissibility of prior convictions as evidence during the sentencing phase of a court-martial is governed by RCM 1001(b)(3), Manual for Courts–Martial, United States (1995 ed.). RCM 1001(b)(3)(A) states that "trial counsel may introduce evidence of military or civilian convictions of the accused." The Rule contains a detailed description of what constitutes a military "conviction" but provides no further guidance on civilian pleas or judgments.

We previously have held that "[w]hether an adjudication by one of the several states is a conviction is a matter of state law." *United States v. Browning*, 29 MJ 174, 175 (1989). In this case, however, we need not decide whether the evidence would have been admissible under Georgia law. Appellant waived the right to challenge the evidence when she took the stand and testified about the warrants, and the record does not reflect any indication from the defense that she would not have testified about the warrants if not for their earlier admission into evidence. She may well have welcomed the opportunity to explain the impact on her financial situation to the military judge.

## II

Although it is not necessary in this case to decide whether the evidence was admissible, we note that this is a recurring problem in the sentencing process. The laws of the various states do not always label proceedings in a manner that readily identifies the result as a "conviction" for purposes of RCM 1001(b)(3). In *Browning*, this Court considered whether traffic tickets issued in South Carolina were admissible as convictions. We concluded that we were "unable to agree upon a resolution of this question of South Carolina law." *Id.* at 174.* In *United States v. Hughes*, 26 MJ 119, 120 (1988), we determined under Texas law that an "Order

Deferring Adjudication" was not a conviction—despite the fact that it could be introduced for sentencing purposes in certain Texas trials. In doing so, we noted: "Admittedly, in one respect the conclusion that we have reached does not produce uniformity, since an 'order deferring adjudication' may be a 'conviction' in one state but not in another." *Id.* at 120. In *United States v. Slovacek*, 24 MJ 140 (1987), we held that juvenile records do not amount to an admissible conviction; but to do so, we relied upon the distinction in Mil.R.Evid. 609(d), Manual, *supra*, "between a conviction and a juvenile adjudication," precisely because RCM 1001(b)(3)(A) was not conclusive. *Id.* at 141.

In the case before us, the briefs and oral argument, which sought to unravel the State of Georgia's law on admissibility of *nolo contendere* pleas, reflect the confusion created by RCM 1001(b)(3)'s lack of specificity regarding civilian "convictions." Section 17–7–95, Official Code of Georgia Annotated, reads as follows: "*Except as otherwise provided by law,* a plea of *nolo contendere* shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose...." (Emphasis added.) Neither the plain language of the law, which begins by acknowledging exceptions and ends with a blanket prohibition, nor its application in Georgia courts fully resolves whether a criminal warrant should be deemed a "conviction" under RCM 1001(b)(3).

Neither appellant's plea of *nolo contendere* nor other special pleas and judgments that frequently appear at sentencing and provoke defense objection are addressed in the Rule. These include no contest pleas, juvenile convictions, expungements, and other such judgments, which are not denominated as convictions under state law but which may be the

---

* The Court's basis for decision in that case was harmless error rather than state law: "[A]dmission of the tickets did not prejudice a substantial right of appellant." *United States v. Browning*, 29 MJ 174 (1989). Judge Cox's opinion also advised, "I would urge the President to consider revising RCM 1001(b)(3) to spell out ... whether traffic tickets are admissible in sentencing, particularly when they are germane to the sentencing decision." *Id.* at 176.

subject of litigation under the Rule. While the Manual cannot anticipate every future point of contention on this issue, admissibility of major categories of prior civilian judgments is a matter that readily could be clarified through an amendment to RCM 1001(b)(3).

III

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges SULLIVAN, CRAWFORD, and GIERKE concur.