**Ex parte Donald SMITH.**

**Nos. 04–98–00344–CR to 04–98–00346–CR.**

Court of Appeals of Texas,
San Antonio.

June 3, 1998.

Benjamin F. Walker, San Antonio, for Appellant.

Angela Moore, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and STONE, JJ.

## OPINION

LOPEZ, Justice.

The Applicant, Donald Smith, was convicted of committing the offenses of theft in Cause Nos. 93–CR–6254, 94–CR–0744B, and 94–CR–3587 and punishment was assessed as 10 years probation, with six months confinement in the county jail as a condition of probation and 24 months confinement in the restitution center. Mr. Smith asserts, and the State concedes, that he received an illegal sentence in that the period of confinement totals 30 months, exceeding the maximum allowed by law at the time the offenses were committed. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12 § 18(h) (Vernon 1981 & Supp.) (community service confinement for offenses committed prior to 1996 shall not exceed 24 months).

Applicant filed an application for writ of habeas corpus seeking to reform his sentence to conform to the law. The trial court granted the writ and denied relief, apparently under the mistaken belief that the date of appellant's plea bargain made him eligible for a longer period of confinement as a condition of probation. Article 42.12 § 18(h) was amended to increase the term of total confinement to 36 months, effective January 1, 1996. *See* 74th Leg., R.S., Ch 318 § 85(b) 1995. The amendment applies only to those offenses occurring on or after the effective date. Because Mr. Smith committed the three offenses related to these appeals in 1991, 1992, and 1993, the increased maximum term of confinement cannot be applied to his sentences. *See id.; see also Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) (application of increased range of punishment to offense committed prior to change in the law violates constitutional prohibition against *ex post facto* laws).

The trial court's order denying relief is hereby reversed. We grant appellant's habeas corpus relief because appellant has already served the maximum amount of time allowed by statute in the county jail initially and in his subsequent confinement at the Dallas restitution center. *See Ex parte Gingell,* 842 S.W.2d 284 (Tex.Crim.App.1992). The "Terms and Conditions" of appellant's community supervision are hereby reformed so as to reduce the maximum length of time of his restitution center custody or confinement to be no more than 18 months. Appellant shall be released from confinement at the Dallas County Restitution Center and from any other further confinement under the terms and conditions of his community supervision. All other terms and conditions of Donald Smith's probation shall remain in full force and effect.