In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-362 CV


____________________



IN RE COMMITMENT OF CAMERON ELZA GRAHAM






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 01-09-05914-CV






O P I N I O N


 The State of Texas filed a petition to commit Cameron Elza Graham under the Civil
Commitment of Sexually Violent Predators Act ("Act"). See Tex. Health & Safety
Code Ann. §§ 841.001-.147 (Vernon 2003). A jury found Graham was a repeat sexually
violent predator ("SVP") who suffers from a behavior abnormality making him likely to
engage in a predatory act of sexual violence. The trial court entered a final judgment and
order of civil commitment under the Act, from which Graham appeals, bringing three
issues. See id.

 As conceded by Graham, we previously have decided two of his issues - one and
three - adversely to him. See In re Commitment of Morales, 98 S.W.3d 288, 291 (Tex.
App.--Beaumont 2003, pet. filed); Beasley v. Molett, 95 S.W.3d 590, 607-10 (Tex. App.--Beaumont 2002, pet. filed); In re Commitment of Mullens, 92 S.W.3d 881, 883-84, 887-88
(Tex. App.--Beaumont 2002, pet. filed). In issue one, Graham asserts the Act is
unconstitutional because it is punitive and violates basic constitutional safeguards. Graham
argues that the requirement of a tracking device in section 841.082(5) serves both a punitive
and deterrent function. Citing a Court of Criminal Appeals case that holds electronic
monitoring is an unreasonable condition of deferred adjudication probation, Graham argues
that if electronic monitoring is too harsh a punishment for a probationer who has not been
convicted of a crime, then it is even more punitive for someone who is civilly committed. 
See Ex parte Gingell, 842 S.W.2d 284, 285 (Tex. Crim. App. 1992). But, as the United
States Supreme Court has noted, restraints, such as inpatient confinement, in involuntary
civil commitments have historically been treated as civil, not punitive. Kansas v.
Hendricks, 521 U.S. 346, 363, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). The "State may
take measures to restrict the freedom of the dangerously mentally ill. This is a legitimate
nonpunitive governmental objective and has been historically so regarded." Hendricks, 521
U.S. at 363. Here, the person civilly committed is not confined but rather is treated on an
out-patient basis and monitored by a tracking device, a less restrictive restraint than that
approved in Hendricks. See §§ 841.002(10), 841.082(a)(5). Graham's other arguments
under issue one are overruled based on our previous decisions. See Beasley, 95 S.W.3d
at 607-10; Mullens, 92 S.W.3d at 883-84, 887-88; Morales, 98 S.W.3d at 291. Issue one
is overruled.

 In issue three, Graham argues the Act is unconstitutionally vague and violates the
separation of powers doctrine. Complaining specifically of section 841.082(a), subsections
(4), (5), and (9) of the Act, Graham maintains subsections (4) and (5) are unconstitutionally
vague, and subsection (9) is not only vague but also violates the separation of powers
doctrine. Tex. Health & Safety Code Ann. §841.082 (a)(4),(5),(9) (Vernon 2003). 
Based on our previous decisions, we overrule issue three. See Beasley, 95 S.W.3d at 607-10; Mullens, 92 S.W.3d at 883-84, 887-88; Morales, 98 S.W.3d at 291.

 In issue two, Graham complains his due process rights were violated when the trial
court refused to submit his volitional control issue to the jury. Relying on Kansas v. Crane,
534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), Graham maintains due process
requires "proof of serious difficulty in controlling behavior" before a person may be
committed civilly as a sexually violent predator. However, in a recently decided case, we
found no separate instruction was required under Crane and, thus, rejected Graham's
argument. See In re Commitment of Almaguer, No. 09-02-00172 CV, slip op. at ____,
2003 WL _____________ (Tex. App.--Beaumont Sept. 25, 2003, no pet. h. ). (1) Issue two
is overruled.

 Appellant's issues are overruled. The judgment and order of the trial court are
affirmed.

 AFFIRMED.



 DON BURGESS

 Justice


Submitted on June 17, 2003

Opinion Delivered September 25, 2003


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. I dissented in Almaguer on this issue. See Almaguer, slip op. at _____.