UNITED STATES

v.

**Airman Don E. CALIN, FR 569–33–2867.**

**ACM S25168.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 Dec. 1980.

Decided 4 June 1981.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Major William Ronald Smith.

Appellate Counsel for the United States: Colonel James P. Porter.

Before EARLY, MILES and KASTL, Appellate Military Judges.

### DECISION

PER CURIAM:

Consistent with his pleas, the accused was convicted of absence without leave in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence extends to a bad conduct discharge, confinement at hard labor for five months, forfeiture of $334.00 per month for five months and reduction to airman basic.

During sentencing proceedings, the military judge improperly admitted, *as a previous conviction*, evidence that the accused had pled guilty to theft in a state court. This was plain error. "Foremost among the requirements for admissibility [as a previous conviction] is that the conviction be by *court-martial*." *United States v. Reynolds*, 40 C.M.R. 1020 at 1021 (A.F.B.R.1969); Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 75*b*. [hereinafter MCM, 1969 (Rev.)].

A civilian conviction is admissible, at the outset of the sentence proceedings, if properly entered and maintained in the accused's military personnel records. MCM, 1969 (Rev.), para. 75*d*; Air Force Manual 111-1, Military Justice Guide, para. 5-13, 2 July 1973, Change 4 (13 May 1980); *United States v. Cook*, 10 M.J. 138 (C.M.A.1981). The record here is silent as to whether this conviction was filed in the personnel records. Normally, this defect would be waived by the lack of defense objection. Mil.R.Evid. 103(a). However, since the conviction was not even offered as a personnel record, or thereby shown to be admissible and it was *plainly* not admissible as a previous court-martial conviction, we decline to apply any waiver rule in the interests of justice. *See* Mil.R.Evid. 103(d). Material prejudice to the substantial rights of the accused is apparent.

The remaining assertions of error submitted by appellate defense counsel are resolved adversely to the accused. *See United States v. Goode*, 1 M.J. 3 (C.M.A.1975); *United States v. Price*, 1 M.J. 552 (A.F.C.M.R.1975). Reassessing the sentence in light of the discussed error, we find appropriate only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for five months and reduction to airman basic.

The findings of guilty and the sentence, as modified, are

AFFIRMED.