## UNITED STATES

v.

### Technical Sergeant David R. PITTS, Jr., FR 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, United States Air Force.

### ACM 24096.

U.S. Air Force Court of Military Review.

Sentence Adjudged 9 Aug. 1983.

Decided 18 May 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi, Major Conrad C. Baldwin, Jr., and Lieutenant Colonel Alfred E.T. Rusch, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Captain Kevin L. Daugherty.

Before KASTL, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

In a court-martial, may the circumstances of *uncontested* and pled offenses be admitted on the merits when factually related to a *contested* offense? In the setting before us, we respond in the affirmative.

### I

During the contested portion of the accused's trial, the military judge permitted the prosecution to present evidence ordinarily reserved for pre-sentencing. The issue, which the defense brief challenges as involving a "fundamental and potentially wide-spread" abuse of procedure, arose in this setting: Technical Sergeant Pitts pled guilty to use and distribution of marijuana on 1, 3, and 11 October 1982; but he pled not guilty to solicitation to purchase cocaine on 2 October. Despite his pleas as to the cocaine, he was found guilty of the latter offense by general court-martial consisting of members. His approved sentence is a dishonorable discharge, confinement at hard labor for seven years, total forfeitures, and reduction to airman basic.

In a 39a session prior to presentation of the Government's case, the trial counsel claimed that the marijuana-related offenses to which Pitts had conceded guilt were factually interrelated to the disputed offense involving cocaine. Accordingly, he suggested presenting all the evidence at one time. Included in his reasons were: (1) time could be saved; (2) the marijuana offenses were relevant to the cocaine matter, forming part of the "res gestae" and showing the accused's intent; and (3) the marijuana use was in the nature of a social icebreaker, paving the way for further discussions as to the cocaine. The defense objected to the proposed procedure, countering that: (1) such unicameral presentation would cloud the single issue to be litigated; (2) the practice would deny the accused a fair hearing since the members might believe him a "bad man" upon the facts and convict on that basis alone (the circumstances included the accused smoking marijuana with his juvenile ward); and (3) the subsequent marijuana incidents of October 3 and 11 were irrelevant to the 2 October cocaine solicitation issue.

We hold that the military judge correctly permitted evidence relating to marijuana to be admitted during the prosecution case-in-chief on the litigated cocaine issue.

We begin by considering the core of the evidence admitted over defense objection: From our reading of the record, we believe

it lies in the testimony of a special agent of the Office of Special Investigations. He first testified that the accused engaged him in conversation at a party on 1–2 October and asked if the agent wanted to buy an ounce of cocaine for $1,000.00.

According to the O.S.I. agent, the accused offered to take the agent to a supplier in nearby Columbia, S.C. where the agent could observe cocaine being shaved off a large block. The recreational use of marijuana formed part of the ongoing negotiations at that time. Later, O.S.I. agents visited the accused on 3 and 11 October to try completing the cocaine deal; on each occasion, the accused used marijuana and transferred marijuana to the agents.

We find these matters relevant in the litigated portion of the trial. In the first place, they cast light on the accused's motive or intent as to the contested cocaine specification; they also tend to rebut his contention that his statements to the O.S.I. agents about cocaine were mere bravura. *See United States v. Dicupe*, 14 M.J. 915, 917 (A.F.C.M.R.1982), *pet. granted*, 16 M.J. 102; *United States v. Carrier*, 50 C.M.R. 135 (A.F.C.M.R.1975); Mil.R.Evid. 404(b). *See generally United States v. Kloock*, 652 F.2d 492 (5th Cir.1981); *see also United States v. Ali*, 12 M.J. 1018 (A.C.M.R.1982).

Moreover, we believe such evidence admissible as part and parcel of the entire chain of events. If there ever were a doubt as to whether such evidence is admissible recent cases have set that doubt to rest. *United States v. Colon-Angueira*, 16 M.J. 20, 25 (C.M.A.1983); *United States v. Teeter*, 16 M.J. 68, 71 (C.M.A.1983); *see also United States v. Hand*, 8 M.J. 701, 703 (A.F.C.M.R.1980). Here, we find the evidence of the offenses to which the accused pleaded guilty inextricably linked, to the offense which he contested. *See Unit-*

 *ed States v. Torres*, 685 F.2d 921 (5th Cir. 1982); *United States v. Vincent*, 681 F.2d 462 (6th Cir.1982). *See generally United States v. Thomas*, 11 M.J. 388, 393 (C.M.A. 1981); *United States v. Stokes*, 12 M.J. 229, 239 (C.M.A.1982).

■ It is axiomatic that a guilty plea to some offenses cannot establish guilt of other offenses. *United States v. Vasquez*, 9 M.J. 517 (A.F.C.M.R.1980). Here, such is not the case. As we read the record, the members were never invited to draw an inference from the accused's pleas of guilty to the marijuana-related offenses and thus convict him of the cocaine offense.[1]

The appellate Government brief makes an excellent point contrasting this situation to a fully-contested case in which uncharged misconduct is admitted as appurtenant facts and circumstances. If such evidence is linked to the contested offense, it is admissible; why, the Government asks, should a different rationale apply if the accused has chosen to plead guilty to some offenses? For our part, we can conceive of no good reason why the rule should be different.

■ We must not be understood as endorsing any wholesale practice of bringing pre-sentencing "facts and circumstances" into the contested portion of a court-martial. Rather, we are simply saying that *such evidence may be admitted, in a narrow factual setting, where the uncontested facts clearly form part and parcel of the entire chain of events or provide evidence of plan, scheme, motive, design, intent, and the like.*

We have considered the final assertion of the accused as to this issue—that the prejudicial impact of such evidence substantially outweighed its probative value. *See* Mil.R. Evid. 403. We find that such is not the case here. *United States v. Thomas*, 11

---

1. Admitting evidence ordinarily reserved for pre-sentencing during the contested portion of this trial added little to the members' knowledge here. The members knew before litigation began how things stood in relation to the uncontested offenses: specifically, they were instructed when first seated that the accused had plead-

ed guilty to the marijuana-related offenses and a copy of the plead-to charges and specifications was before them. Thus, the general factual setting was already known to the triers of fact. Adding specifics could not prejudice the members against the accused, in our judgment.

M.J. 388 (C.M.A.1981); *United States v. Teeter*, 12 M.J. 716 (A.C.M.R.1981).

## II

The accused also argues that evidence of two prior civilian convictions was erroneously admitted into evidence. We agree.

 During the pre-sentencing portion of the trial, the prosecution sought to admit evidence of two prior civilian convictions. One involved four counts of worthless checks. The second was originally charged as a lewd act on a minor under South Carolina law; later this was reduced to assault and battery. The military judge permitted a redacted copy of a letter, signed by the county magistrate, to go to the members; it recited that the accused had pleaded guilty on two counts of worthless checks and one count of assault and battery and that he was fined, respectively, $40.00 and $100.00.[2]

In *United States v. Calin*, 11 M.J. 722 (A.F.C.M.R.1981), we held that the document in question, a civilian conviction, was impermissibly admitted at the accused's court-martial. We noted that the then-current A.F.M. 111–1, Military Justice Guide, para. 5–13 (2 July 1973) (Change 4, 13 May 1980) stated that a *civilian* conviction was admissible only if properly entered and maintained in the accused's military personnel records. *United States v. Calin, supra,* at 723.

*Calin* was decided prior to Change 5 of the current Manual for Courts-Martial. Change 5 affords new and different methods of admitting civilian convictions. (*See*

A.F.R. 111–1, Military Justice Guide, para. 5–3d dated 7 December 1983, promulgated subsequent to the court-martial decision in this case, for Air Force implementation of the new procedure).

The current proof requirement for prior convictions appearing at M.C.M., para. 75b(3)(c) provides:

> Previous convictions may be proven by any evidence admissible under the Military Rules of Evidence. Normally, previous convictions may be proven by the use of the personnel records of the accused, by the record of the conviction, or by the order promulgating the result at trial.

In the instant case, the defense specifically objected to admission of the two convictions as evidence which

> does not appear to be a record of the conviction, such as would be required by our case law, but rather is simply a statement by a clerk of court [sic], not with the full particulars or details that a conviction would have on its judgment decree.

 We find the evidence of civilian convictions inadmissible as offered. Paragraph 75b(3)(c) makes it crystal-clear that such previous convictions may be proven by matters *"admissible under the Military Rules of Evidence"* (emphasis added). We know of no way the present document is so admissible. It is *not* a court conviction, but merely a letter (albeit with the original under seal) signed by a magistrate; this does not meet the requirements for an admissible civil court conviction. *United States v. Collins*, 17 M.J. 901, 904 (A.F.C.M.R.1983). *See generally* Rule 901, Mil.R.

---

2. Citing United States Supreme Court precedents, the accused newly argues on appeal that an uncounselled conviction cannot be used collaterally to increase the term of imprisonment following a subsequent conviction for another crime. *See generally Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980); *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). Whatever the merits of the accused's position—and we expressly reserve whether his reading of *Baldasar* and *Scott* is correct—we find the issue waived by defense

failure to object on this ground. Absent a defense objection, no rule of law requires the prosecution to affirmatively show that an accused was afforded an attorney during the prior hearing. Indeed, whether or not counsel appeared at the former hearing is peculiarly within the ken of the accused; therefore, it is incumbent upon the defense to raise an appropriate objection. *United States v. McLemore,* 10 M.J. 238, 240 (C.M.A.1981); *United States v. Beaudion,* 11 M.J. 838, 839 (A.C.M.R.1981); Mil.R. Evid. 103(a).

Evid.[3] Accordingly, since the error goes to sentencing, we will reassess.

### III

■ In a particularly professional argument, the defense argues that the maximum punishment applied to the nonremunerative distribution of small amounts of marijuana is unconstitutional under equal protection and cruel and unusual punishment bases. The short answer is that we find ample precedent to reject outright these defense contentions, based upon the necessity for the military to maintain discipline and an effective fighting force. *Murray v. Haldeman*, 16 M.J. 74 (C.M.A.1983); *United States v. Newak*, 15 M.J. 541 (A.F. C.M.R.1982); *see also United States v. Trottier*, 9 M.J. 337 (C.M.A.1980).

### IV

Finally, the accused argues that the sentence in this case is inappropriately severe since: (a) there is neither evidence that he tried to contact a supplier, make a sale, or follow-through; and (b) he has an unblemished 16-year military record.

■ Upon careful and mature consideration of this matter and the error resolved in II, we find appropriate only so much of the sentence as extends to a bad conduct discharge, confinement at hard labor for four years and six months, total forfeitures, and reduction to airman basic.

The findings of guilty and sentence, as reassessed, are

AFFIRMED.

CANELLOS and RAICHLE, Judges, concur.

---

**3.** Civilian convictions do not fit easily within any specific section of the Military Rules of Evidence. Perhaps this is because the Federal Rules, upon which the military system is patterned, seldom consider prior convictions *during the trial itself;* rather, such matters are made available to the sentencing judge via post-sentencing reports. Despite appellate Government suggestions, we refuse to find the prior civilian court convictions admissible under either Mil.R.Evid. 803(6) or (8).