**UNITED STATES**

v.

**Airman Bryan E. YECKINEVICH, FR 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, United States Air Force.**

**ACM 26714.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Nov. 1987.

Decided 9 June 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Laurence M. Soybel.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Jeffrey H. Curtis.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

In a bench trial the appellant pleaded guilty to assault with a dangerous weapon, violating a general regulation by possessing a knife with a blade over three inches in length, wrongfully consuming alcoholic beverages, and being drunk and disorderly. The approved sentence extends to a bad conduct discharge, a reprimand, confinement for eight months, and forfeiture of $438.00 per month for seven months.

During the sentencing phase, the trial judge admitted, over defense objection, two prior civilian convictions in Pennsylvania for underage drinking and disorderly conduct. Both at trial and on appeal, the appellant contends that the records of his earlier misconduct were not admissible because they were based on juvenile convictions. *See United States v. Slovacek*, 24 M.J. 140 (C.M.A.1987).

The trial judge found that the appellant was not a juvenile at the time of his prior convictions, however, a more fundamental issue remains. Do the following entries in the appellant's original enlistment records [1] qualify as evidence of a prior conviction so as to be admissible under R.C.M. 1001(b)(3)(A)? The enlistment document states:

| DATE | NATURE OF OFFENSE OR VIOLATION | PLACE OF OFFENSE | NAME AND LOCATION OF COURT | PENALTY IMPOSED OR DISPOSITION IN EACH CASE |
|------|-------------------------------|------------------|----------------------------|-----------------------------------------------|
| 8604 | Underage drinking | Slippery Rock, PA | DM Slippery Rock, PA | Fined $123.50/Paid |
| 8604 | Disorderly Conduct | Slippery Rock, PA | DM Slippery Rock, PA | Fined $98.50/Paid |

1. Record of Military Processing Armed Forces of the United States, DD Form 1966/3, Aug 85, Item 35, Law Violations.

While the trial defense counsel did not specifically object to the method by which the prosecution sought to prove the "prior convictions," his arguments at trial were sufficiently specific to preserve the issue of their admissibility. *See United States v. Parmar*, 12 M.J. 976 (A.F.C.M.R.1982).

■ Prior convictions, civilian or military, may be proved by any evidence admissible under the Military Rules of Evidence. *See* R.C.M. 1001(b)(3)(C); *see also* Air Force Regulation 111–1, *Military Justice Guide*, 1 August 1984, paragraph 5–3d. Generally, civilian convictions are established by the prosecution offering an authenticated document from the court that entered the guilty finding.[2] *See* Mil.R. Evid. 803(22), 901 and 902. The issue here, of course, is whether a cryptic entry in the appellant's original enlistment record identifying the civilian court as "DM Slippery Rock, PA" is sufficient authentication of a civilian judicial proceeding.

In *United States v. Collins*, 17 M.J. 901 (A.F.C.M.R.1983), we held that a form prepared and sent by the appellant's squadron to the court asking for information concerning the appellant's conviction was not a certified record of a criminal proceeding and should not have been admitted during sentencing. We came to the same conclusion in *United States v. Pitts*, 18 M.J. 522 (A.F.C.M.R.1984), by holding that a letter from a magistrate, albeit under seal, did not meet the requirements for being admissible as a civilian court criminal conviction.

The evidence offered by the government in the instant case to establish a prior civilian conviction is less compelling than in the *Collins* and *Pitts* cases just discussed. In those situations there was some documentation establishing the existence of a civilian court that was empowered to act. Here there is none beyond the phrase "DM Slippery Rock, PA." Accordingly, we hold that the trial judge erred in considering the entries as evidence of a prior civilian conviction.

We caution those reading this opinion to do so narrowly. We are not suggesting that an authenticated document of a judicial proceeding is the *only* way to prove a civilian conviction. Our holding today is that the entries in the appellant's original enlistment records did not provide a sufficient basis to establish that he had been convicted in a court of competent jurisdiction. The remaining assigned error is resolved against the appellant.

After consideration of the error just discussed, we find appropriate only so much of the sentence as provides for a bad conduct discharge, six months confinement, forfeiture of $438.00 per month for six months, and a reprimand. The findings of guilty and the sentence, as modified, are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.

■

---

2. Normally, the documentation as to a civilian conviction is kept as a part of the servicemember's "Unfavorable Information File." *See* Air Force Regulation 35–32, *Unfavorable Information Files, Control Rosters, Administrative Reprimands and Admonitions*, 12 February 1982, paragraph 3, Table 1, Rule 10, Footnote 3; *see also United States v. Cook*, 10 M.J. 138 (C.M.A. 1981).