UNITED STATES

v.

Senior Airman Magdaline F. PROPH-ETE, FR 111–56–6913, United States Air Force.

ACM S28118.

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 May 1989.

Decided 4 Dec. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Paul M. Dankovich.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Major Terry M. Petrie and Major Thomas W. Hartmann.

Before HODGSON, SPILLMAN and PRATT, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant pleaded guilty in a special court-martial with members to uttering two worthless checks totalling $710.00. During the sentencing phase of the trial, the prosecution offered evidence of a civilian conviction for similar offenses. The trial defense counsel did not challenge the document's admissibility under R.C.M. 1001, but asked that its size be reduced before it was given to the members. The trial judge agreed and a smaller version of the exhibit was provided the court. The appellant was ultimately sentenced to a bad conduct discharge, three months confinement, forfeiture of $300.00 per month for three months, and reduction to airman basic.

Appellate defense counsel now argue that a certified copy of a computer-generated print-out of the arraignment calendar of the Municipal Court of Maumelle, Arkansas does not constitute evidence of a previous conviction for purposes of R.C.M. 1001(b)(3)(C). This document shows that the appellant entered a guilty plea to a violation of Ark.Stat. section 5–37–302 (1987), cited as "The Arkansas Hot Check Law." They contend the exhibit is merely a computer print-out which fails to estab-

lish the outcome of the appellant's guilty plea, and further, the Arkansas "hot check" charge was never defined for the members.

 We have no hesitation in concluding that a properly authenticated computer print-out can provide proof of a civilian conviction for the purposes of R.C.M. 1001(b)(3)(A). *See United States v. Yeckinevich*, 26 M.J. 833 (A.F.C.M.R.1988). Appellate defense counsel maintain that the document here is deficient in that it only shows a guilty plea to a "hot check" charge without indicating the final disposition of the case and without establishing what a "hot check" offense entails. As to the first concern, a plea of guilty constitutes a judicial admission of guilt as to all elements of the offense. *See United States v. Marsh*, 13 U.S.C.M.A. 252, 32 C.M.R. 252 (1962). No additional entry is required. True, the prosecution did not establish the final disposition of the appellant's prior civilian trial, but her trial defense counsel expressly waived any requirement that the Government do so. *See* Mil.R.Evid. 103.* As to the appellant's concern that the court-members would not understand what the term "hot check" meant in relation to a criminal proceeding, we find that highly unlikely for two reasons. First, everyday usage of the phrase "hot check" has come to mean uttering a check backed by insufficient funds. *See United States v. Clay*, 48 C.M.R. 335 (N.C. M.R.1973). Second, the trial judge instructed the members that the appellant's civilian conviction involved worthless checks. Accordingly, there is no reasonable basis to suppose that the members did not know what a "hot check" conviction was.

The remaining assigned error is resolved against the appellant. *See United States v. Freeman*, 29 M.J. 865 (A.F.C.M.R.1989).

---

* The following exchange took placed between the military judge and the trial defense counsel concerning the appellant's civilian conviction:

> MJ: Is there any objection to Prosecution Exhibit 12 for Identification?

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

Judges SPILLMAN and PRATT concur.

DC: The only objection that we would have is that the size of the document might unfairly prejudice the court members. In other words, it would really attract their attention, perhaps unfairly so. We would have no objection to the document if it were reduced.