UNITED STATES, Appellee,

v.

William H. COLLIER, Jr., Sergeant,
U.S. Army, Appellant.

No. 61,958.
CM 8800417.

U.S. Court of Military Appeals.

Jan. 19, 1990.

For Appellant: *Captain W. Renn Gade* (argued); *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Captain Keith W. Sickendick, Captain Jon W. Stentz* (on brief).

For Appellee: *Captain Marcus A. Brinks* (argued); *Colonel Alfred F. Arquilla* and *Major Kathryn F. Forrester* (on brief); *Lieutenant Colonel Daniel J. Dell'Orto.*

*Opinion of the Court*

EVERETT, Chief Judge:

In January 1988, Collier was tried at Schofield Barracks, Hawaii, before a special court-martial composed of officer and enlisted members. Contrary to his pleas, he was found guilty of failure to go, willful

disobedience of the order of a chief warrant officer, and dereliction of duty, in violation of Articles 86, 91, and 92, Uniform Code of Military Justice, 10 USC §§ 886, 891, and 892, respectively.[1] Collier was sentenced to a bad-conduct discharge and reduction to Private E-1. The convening authority approved the sentence; and the Court of Military Review affirmed the findings and sentence. 27 MJ 806 (1988).

We granted review on this issue:

WHETHER THE ARMY COURT OF MILITARY REVIEW AND THE MILITARY JUDGE ERRED BY HOLDING THAT EVIDENCE OF AN EIGHT-YEAR-OLD CONVICTION IS ADMISSIBLE ON THE MERITS TO REBUT APPELLANT'S TESTIMONY THAT, IF GIVEN AN ORDER TO BE AT EASE, HE WOULD HAVE OBEYED THE ORDER.

I

The Government offered evidence that appellant had received an order from Chief Warrant Officer (CW3) Jerry Parker "to at ease" but had willfully disobeyed this order. Testifying in his own defense, appellant denied that he had received any order from the warrant officer. When his defense counsel asked on direct examination: "What would you have done if Chief Parker had told you to at ease?", he answered, "I would of at eased, sir."

After Collier had completed his testimony, the defense rested, whereupon trial counsel stated that he had rebuttal evidence and requested an out-of-court session under Article 39(a), UCMJ, 10 USC § 839(a). During the ensuing hearing, he offered as rebuttal evidence a special court-martial order dated August 13, 1980. This order, reflecting the results of a trial which took place on July 30, 1980, revealed that Collier had been convicted of a failure to go; willful disobedience of a chief warrant officer and a sergeant first class; and disrespect to a warrant officer and three non-

commissioned officers. The defense objected to this document because it was not proper rebuttal evidence, had no relevance to the offenses charged, or if it had any relevance, had substantially greater prejudicial effect.

Trial counsel then explained the conviction's relevance in this manner:

On direct examination by defense counsel, the accused was asked, "What would you have done if Mr. Parker had ordered you to be at ease?" And the answer was, "I would have at eased." Your Honor, it is the Government's position that that is a pertinent trait of the character of the accused.

In response to questions from the military judge, the prosecutor elucidated that the character trait placed in issue was that of "obedience to orders." After considerable argument, the military judge admitted so much of the special court-martial order as showed the two disobedience offenses. He also informed the court members that this evidence had been "admitted for a particular limited purpose"—namely, "to attempt to rebut the—well, I'll call it a statement, the assertion by the accused in his testimony that he is the sort of soldier who would have obeyed an order to be at ease if such an order had been given by Mr. Parker, evidence that he did not would then be evidence that such an order wasn't given." However, the judge emphasized that the court members could not consider this evidence to infer that the accused was "a bad guy, a bad soldier, just the sort of fellow that you'd expect to disobey orders, and therefore we may conclude that he disobeyed the order that he's charged with here."

II

A

■ The military judge accepted the prosecutor's theory that Collier had

1. He was found not guilty of willfully disobeying the order of a staff sergeant, also in viola-    tion of Article 91.

"opened the door" by testifying that, if he had heard the warrant officer's order to be at ease, he would have obeyed it. Certainly we recognize that the testimony of an accused can open the door for evidence of uncharged misconduct that otherwise would not be admissible. *Cf. United States v. Trimper*, 28 MJ 460 (CMA), *cert. denied*, —— U.S. ——, 110 S.Ct. 409, 107 L.Ed.2d 374 (1989). On the other hand, comments by an accused cannot be given an artificial effect in order to permit introduction of rebuttal evidence that otherwise would be inadmissible. *Cf. United States v. Cleveland*, 29 MJ 361 (CMA 1990).

■ In this instance, Collier's testimony was that if he had heard the order, he would have obeyed it. This did not constitute an unequivocal claim that he had the character trait of obedience to orders. There might have been many other explanations for his answer—such as a special relationship to the person giving the order. Moreover, trial counsel never attempted to clarify appellant's testimony on cross-examination—perhaps because he feared that a clarification might undercut his intended grounds for offering the prior conviction as rebuttal evidence.

■ Even if Collier's testimony had constituted a claim that he possessed the character trait of obeying orders, this assertion would not open the door for rebuttal by evidence of specific misconduct. Indeed, the Military Rules of Evidence make clear that extrinsic evidence of an accused's misconduct cannot be used in this manner.

Mil.R.Evid. 404(b), Manual for Courts-Martial, United States, 1984, states: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." We infer from this language that the Government was not free to maintain that Collier's prior conviction demonstrated that he did not possess the character trait of obedience to orders

and, therefore, he probably committed the alleged offense of disobeying the warrant officer.

Mil.R.Evid. 405(b) provides: "In cases in which character or a trait of character of a person is an essential element of an offense or defense, proof may also be made of specific instances of the person's conduct." The negative implication of this language is that where, as here, character or a trait of character is *not* an essential element of an offense or defense, specific instances of conduct may *not* be used to prove or disapprove the existence of that trait.[2] Similarly, the statement of Mil.R.Evid. 405(a) that "[o]n cross-examination, inquiry is allowable into relevant specific instances of conduct"—when taken in the context of Mil.R.Evid. 405(b) and 404(b)—suggests that cross-examination of a character witness as to specific incidents of uncharged misconduct is the only way in which that evidence of misconduct can be used to prove an accused's bad character or bad trait of character.

Mil.R.Evid. 608(b) confirms this inference, for it provides: "Specific instances of conduct of a witness, for the purpose of attacking or supporting the credibility of the witness, other than conviction of crime as provided in Mil.R.Evid. 609, may not be proved by extrinsic evidence." Here the evidence of the prior conviction was not offered specifically to attack the credibility of the witness—namely, appellant Collier—but, instead, was used to disprove his supposed claim that he possessed the trait of character of obedience. Thus, its reception was not authorized by Mil.R.Evid. 608(b).

**B**

■ In upholding reception of the evidence of appellant's prior conviction, the Court of Military Review relied on Mil.R.Evid. 609, which allows use of a prior conviction to impeach the testimony of an accused or other witness. However, there are several problems in seeking to salvage

---

**2.** Perhaps if one party offered in evidence specific instances of conduct to establish a trait of character, his adversary would be entitled to offer the same type of evidence in rebuttal.

admissibility of the challenged evidence in this way.

In the first place, the evidence was admitted on an entirely different theory; and the judge gave instructions based on that theory. In light of the erroneous premise of these instructions, the court members would probably have used the evidence for an improper purpose—to show that Collier was a disobedient person. Secondly, the Court of Military Review misapplied the test established by *United States v. Brenizer*, 20 MJ 78 (CMA 1985). There, Judge Cox explained that one of the factors to be considered in deciding whether a prior conviction is admissible to impeach an accused is whether the prior conviction was for an offense similar to that for which the accused is on trial. His opinion makes clear that such similarity militates against reception of the evidence. The Court of Military Review, on the other hand, turned the test upside down and reasoned that the similarity of the offense for which the accused was previously convicted enhanced the argument for admissibility.

Finally, even if the prior conviction could have been properly admitted under Mil.R. Evid. 609 to impeach the accused's testimony,[3] the prosecution failed to utilize the procedure prescribed for introduction of such evidence. According to Mil.R.Evid. 609, a prior conviction offered for impeachment must be introduced by cross-examination or by extrinsic evidence offered during cross-examination. Presumably this requirement was established in order to give the witness an opportunity either to contest the existence of the conviction or to explain it; but whatever the reason, the requirement exists, and it was not complied with here.

### C

We note also that appellant was being tried for willful disobedience of the order of a warrant officer and that one of the offenses of which he had been convicted 8 years previously was also willful disobedience of a warrant officer. In view of the remoteness of the prior conviction and its foreseeable prejudicial effect, there is a serious question whether this evidence could pass muster under Mil.R.Evid. 403, even if it had been otherwise admissible.

■ Because of this prejudicial effect, we conclude that the conviction of willfully disobeying the warrant officer must be set aside. *Cf. United States v. Brenizer, supra.* Moreover, the prejudice from the error may have extended to the alleged failure to go, for which appellant was also on trial. On the other hand, we perceive no risk that the improper reception of this evidence affected Collier's conviction for dereliction of his duties.

### III

The decision of the United States Army Court of Military Review as to Charge I and Charge II and their specifications and the sentence is reversed. The findings of guilty thereon are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered as to Charge I and Charge II and their specifications and the sentence (in which event the sentence must first be set aside); or those Charges may be dismissed and the sentence may be reassessed by the Court of Military Review based on Charge III and its specification.

COX, Judge (concurring):

I agree that the Court–Martial Order was inadmissible to rebut appellant's assertion that "he would have at eased" had he been ordered to do so. Neither the question nor the answer established the necessary predicate to permit extrinsic evidence of misconduct occurring 8 years prior to the trial.

SULLIVAN, Judge (dissenting):

I disagree with my Brothers that comments by the accused were given an artifi-

---

**3.** In view of the maximum punishment imposable for willful disobedience, it would seem that the conviction would qualify for admission, subject, of course, to the analysis prescribed by *United States v. Brenizer,* 20 MJ 78 (CMA 1985).

cial effect in this case. *See United States v. Cleveland*, 29 MJ 361 (CMA 1990) (Sullivan, J., dissenting). A reasonable inference could be drawn from this testimony that the accused was a good soldier who always obeyed orders. *See United States v. Strong*, 17 MJ 263, 266–67 (CMA 1984). The defense could then argue that appellant's character supported his denial that the order was ever given. Why else would the defense ask this question? Finally, I find the form of evidence of character was authorized by Mil. R. Evid. 405(b).