UNITED STATES, Appellee,

v.

Brian D. BARNES, Airman First Class,
U.S. Air Force, Appellant.

No. 66,021.
ACM 28234.

U.S. Court of Military Appeals.

Argued Oct. 1, 1991.

Decided Jan. 10, 1992.

For Appellant: *Captain Darla G. Orndorff, USAFR* (argued); *Lieutenant Colonel Jeffrey R. Owens and Major Ronald A. Gregory* (on brief).

For Appellee: *Captain Thomas E. Wand* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief).

## OPINION OF THE COURT

SULLIVAN, Chief Judge:

Appellant was tried by a general court-martial at Nellis Air Force Base, Nevada, on September 20, 1989. Pursuant to his pleas, he was found guilty of two failures to go to his appointed place of duty, use of disrespectful language to a superior noncommissioned officer, willful damage of a private vehicle, drunk driving, use of provoking words towards a senior noncommissioned officer, communication of indecent language, communication of a threat to kill, two uses of methamphetamine, possession of drug paraphernalia in violation of a general regulation, and distribution of methamphetamine, in violation of Articles 86, 91, 109, 111, 117, 134, 112a, and 92, Uniform Code of Military Justice, 10 USC §§ 886, 891, 909, 911, 917, 934, 912a, and 892, respectively. The members of this court-martial sentenced appellant to a bad-conduct discharge, confinement and forfeiture of $550 pay per month for 18 months, and reduction to airman basic. The convening authority approved this sentence on December 4, 1989. The Court of Military Review affirmed in an unpublished opinion dated December 13, 1990.

We granted review on the following question of law:

> WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY ADMITTING IN SENTENCING A DD FORM 1966–3 AS PROOF OF PRIOR CIVILIAN CONVICTIONS.

We hold that any error in admission of the Government's evidence of appellant's prior convictions was unquestionably harmless. Art. 59(a), UCMJ, 10 USC § 859(a).

At the sentencing portion of this court-martial, the Government attempted to prove appellant's prior civilian convictions. It proffered as prosecution exhibit 6 for identification a copy of page 3 of Department of Defense Form 1966/3 AUG 85. This form was completed and bears appellant's initials. (*See* App. I.)

This government evidence was objected to by defense counsel. The record reflects the following exchange:

TC: Prosecution Exhibit number 6 for Identification is a part of the paperwork that Airman Barnes filled out (showing the exhibit to the defense counsel). It's been taken from his, when he joined the Air Force. It's a DD Form 1966, page 3. And it reflects that he was convicted of driving while intoxicated, in Seattle, Washington, by the Seattle Municipal Court, and paid a hundred dollar fine on that date.

(The trial counsel presented the exhibit to the military judge, who reviewed it for a moment.)

MJ: Major Klein?

DC: I object, Your Honor. This is a previous conviction the government's trying to introduce for a DWI. *Our*

*objection is on the grounds that it's not in the proper format for trying to get a previous conviction into evidence.*

I understand that the page is from a document which is in Airman Barnes' personnel records. But it was still my understanding that, when you're talking about proof by using personnel records, I thought that meant documents from the personnel records that showed a record of the conviction in a more complete or official form than a simple entry on a, on an enlistment application, or enlistment contract.

DC: And furthermore, I would point out, there's another document in the personnel records, which is a security application, and I told Captain Bush about this, that has a different date for the, for this DWI, that would be the date 81–09.

*And so there's a conflict within the personnel records, which is why there should be a better record than using something that Airman Barnes filled out when he enlisted.*

TC: Your Honor, we'd offer this under Rule for Courts–Martial 1001 (researching the Manual for Courts–Martial), which says there, that you can use data from the, from personnel records to show the conviction for a prior offense, and does include both civil and military convictions.

MJ: Captain Bush, further comment?

TC: Excuse me, ma'am (still standing and researching the Manual)?

MJ: Further comments?

TC: Yes, ma'am.

Major Klein mentioned that the Flimsy, or that it was not a well-documented case. *In two of the accused's records, he does admit, you know, in the paperwork that he filled out, that he did, was convicted of the offense, and that it was a DUI, and that he paid the hundred dollar fine.*

MJ: Major—I'm sorry, Captain Bush, anything else?

TC: Nothing further, ma'am.

MJ: Major Klein? Further comments?

DC: Just that the rule that Captain Bush referenced talks about personnel records in the discussion. The text, which is, it's my understanding, is the operative law, says that proof of prior convictions can be made by any means admissible under the Military Rules of Evidence. And I would argue that this document doesn't qualify to prove a prior conviction.

MJ: I'll defer my decision on that until I've had a chance to look at the rules one more time.

Other items to consider, Captain Bush?

(Emphasis added.)

The military judge announced her decision as follows:

MJ: The court has carefully considered the defense objection to Prosecution Exhibit 6 for Identification. And that objection is overruled.

My ruling is based on the following findings:

One. The accused's date of birth is 4 October 1961, as shown in Prosecution Exhibit 2, Personal Data Sheet. Therefore, he was not a juvenile at the time of the civilian conviction.

Two. The enlistment record; that is, DD Form 1966 dash 3, Prosecution Exhibit 6 for Identification, qualifies as evidence of prior convictions and is admissible under Rules for Courts–Martial 1001(b), 3(a) and (c), and AFR Regulation 111 dash 1.

The entries on Prosecution Exhibit 6 for Identification are not of the cryptic nature which was found inadmissible by the Air Force Court of Military Review in *United States versus Yeckinevich*, 26 MJ 833, Air Force Court of Military Review 1988.

Prosecution Exhibit 6 for Identification clearly indicates the courts involved; Seattle Municipal, for the DUI, and Traffic Court, for the speeding.

I will, at this point, however, take judicial notice of the fact that Moses Lake is in Washington State.

Three. The court in *Yeckinevich* also indicated that their opinion should be read narrowly; that is, that an authenticated document of a judicial proceeding is not the only, or is the only way to prove a civilian conviction. In other words, that they were not saying that that was the only way to prove a civilian conviction.

Four. The entries in Prosecution Exhibit 6 for Identification do provide a sufficient basis to establish that the accused was convicted in a court of competent jurisdiction.

I would find that the discrepancy in dates noted by the defense counsel does not cast doubt on my conclusion concerning the competence of the jurisdiction of the courts concerned.

MJ: Prosecution Exhibit 6 for Identification is, therefore, admitted. And I'll strike the "for Identification" symbol. Any questions concerning my ruling?

DC: Well, Your Honor, in light of your ruling, I'd ask that the government put in a different document, which is the one that reflects the actual correct date. And if necessary, I can have Airman Barnes testify that the correct date of the conviction was 81–09, rather than 86–09–11.

And I think that other document that was already discussed is the a, the accurate one in this case. I think I can establish that, if it's necessary. And I—

MJ: Captain—go ahead.

DC: —I think the courts, I think we should be using that. Otherwise, we're gonna get to the point in the trial where, perhaps, I have to introduce that document, and then I have to have Airman Barnes explain why there's a date discrepancy.

MJ: Captain Bush?

TC: Your Honor, let me look at that for a second, please.

(The trial counsel and defense counsel took a few moments to review the documents.)

Your Honor, based on the defense counsel's representations that his client will testify that a, that that had happened in '81, we are willing to use the DD Form 398 the accused completed, in lieu of the other form.

(*See* App. II.)

---

The challenged evidence in this case is a completed page 3 of Department of Defense Form 1966/3 AUG 85. It is a standard government form which asks certain questions of an applicant for military service concerning prior legal violations. Answers to these questions are typed on the objected-to document and indicate prior civilian convictions, and the form also bears appellant's initials. In addition, we note that there was no dispute at trial that appellant completed this form and that it was maintained in his service record. Finally, the prosecution offered this evidence of prior civilian convictions as matters for consideration by the members in sentencing appellant. *See* RCM 1001(a)(1)(A)(iii), Manual for Courts–Martial, United States, 1984.

 Appellant's complaint at trial and before this Court is that the military judge erred in ruling this evidence was admissible at his court-martial. He particularly contends that the DD Form 1966/3 is not a sufficient mode of proof of prior civilian convictions as required or intimated by certain Air Force Court of Military Review decisions, in particular *United States v. Yeckinevich*, 26 MJ 833 (AFCMR 1988). *See United States v. Pitts*, 18 MJ 522 (AFCMR), *pet. denied*, 19 MJ 126 (1984); *United States v. Collins*, 17 MJ 901 (AFCMR 1983), *pet. denied*, 18 MJ 292 (1984). *See also United States v. May*, 18 MJ 839 (NMCMR 1984). Assuming he reads these cases too broadly, he alternatively argues that the entries on this form were inadequate to reflect his prior convictions as required by *United States v. Yec-*

*kinevich, supra. See generally* para. 13–3, Military Justice Guide (Air Force Regulation 111–1, July 12, 1989).[1]

The above Air Force Court of Military Review decisions do not control this Court in our legal review of the propriety of appellant's court-martial. Art. 67(c), UCMJ, 10 USC § 867(c) (1989); *cf.* Art. 66(c), UCMJ, 10 USC § 866(c). In any event, the same appellate court, writing in appellant's case, held that *United States v. Yeckinevich, supra,* did not establish a *per se* rule against admission of DD Form 1966/3 to show an accused's prior civilian convictions. Moreover, that court held, as the military judge did below, that the particular entries on appellant's personnel records were adequate to prove his prior civilian convictions. In view of the sentencing purpose for which these convictions were considered, we find that neither *United States v. Yeckinevich, supra,* nor its progeny were violated in this case. *See generally* 7 Wigmore, *Evidence* § 2110 at 651 (Chadbourn rev. 1978).

Nevertheless, *Yeckinevich* aside, a question remains whether a properly completed DD Form 1966/3 from the service record of a servicemember is legally competent evidence to prove prior civilian convictions for the purpose of sentencing at a court-martial. *See generally* Mil.R.Evid. 402, Manual, *supra;* Fed.R.Evid. 402; *cf.* Mil.R.Evid. 609(a).[2] We note initially that some legal authority exists for appellant's argument other than the precedential weight of *United States v. Yeckinevich, supra,* and its predecessors. The word "conviction," although not fully defined in RCM 1001, has a generally accepted meaning and mode of proof when offered for

1. Paragraph 13–3 states:
 13–3. Previous Convictions:
 a. The usual method of introducing evidence of previous convictions of the accused by courts-martial is by using DD Form 493, Extract of Military Records of Previous Convictions. The proper procedure for offering and admitting this document is the same as for other documentary evidence. The document should be properly authenticated, and *the synopsis of the specification or specifications should adequately identify the offense or offenses of which the accused has been found guilty.* Remarks such as "conduct unbecoming a commissioned officer" are inadequate.
 b. Previous convictions may also be shown by copies of the court-martial orders promulgating those convictions. These orders may be introduced into evidence in the same manner as any other official writing or may be judicially noted. If judicial notice is taken of court-martial orders promulgating results of trial, the military judge should state for the record that they have been judicially noted, and a copy thereof or pertinent extracts should be included in the record of trial as an exhibit.
 c. Previous convictions by summary courts-martial in which the accused was not represented by counsel should not be offered absent a showing of waiver. *United States v. Booker,* 5 MJ 238 (CMA 1977). A conviction by summary court-martial is not admissible until a review has been completed pursuant to Article 64(a), UCMJ.
 d. Military or civilian convictions may be proven by any evidence admissible under the Military Rules of Evidence. There has been a "conviction" in a court-martial case, except a

summary court-martial, when a sentence has been adjudged. A civilian criminal conviction must be final under the law of the jurisdiction in which the conviction occurred before it is admissible. *See* MCM, 1984, RCM 1001(b)(3).
(Emphasis added.)

2. This Rule of Evidence provides:
 Rule 609. Impeachment by evidence of conviction of crime
 (a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted *if elicited from the witness or established by public record during cross-examination but* only if the crime (1) was punishable by death, dishonorable discharge, or imprisonment in excess of one year under the law under which the witness was convicted, and the military judge determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused, or (2) involved dishonesty or false statement, regardless of the punishment. In determining whether a crime tried by court-martial was punishable by death, dishonorable discharge, or imprisonment in excess of one year, the maximum punishment prescribed by the President under Article 56 at the time of the conviction applies without regard to whether the case was tried by general, special, or summary court-martial.
 (Emphasis added.) This rule differs from Fed. R.Evid. 609(a) as presently written. Among other differences, the federal rule does not have the underlined language although it did have such language at the time of appellant's trial.

purposes of impeachment. *See United States v. Slovacek,* 24 MJ 140, 141–42 (CMA), *cert. denied,* 484 U.S. 855, 108 S.Ct. 161, 98 L.Ed.2d 115 (1987). It is generally understood to be "the result of a criminal trial which ends in a judgment [of guilt] or sentence." *Black's Law Dictionary* 333 (6th ed. 1990). The traditional method of proving the fact of conviction for impeachment purposes is introduction of the record embodying the judgment or a copy thereof. *See* 4 Wigmore, *Evidence* § 1270 at 655 (Chadbourn rev. 1972). However, more modern practice permits it to be proven by evidence of an admission by the person convicted or, in rare cases, recollection testimony from a person who witnessed announcement of the judgment. *Id.; see* Mil. R.Evid. 602.

█ Admittedly, the challenged evidence in this case (the DD Form 1966/3) is not an official record of appellant's civilian convictions, created and maintained by the court adjudging them. *See* 7 Wigmore, *Evidence* § 2110 at 651. Moreover, it is not even the preferred service-record method expressly designated by Air Force for reporting such convictions.[3] *See also* DD Form 493. However, evidence of these convictions was not offered to impeach appellant's character as a witness, so the general official-record requirement noted above is simply not applicable. In any event, our concern is with the particular rules of procedure and evidence promulgated by the President in accordance with Article 36, UCMJ, 10 USC § 836.

The President has provided a far more flexible method of proving prior convictions for the purpose of court-martial sentencing. RCM 1001(b)(3) states:

(3) *Evidence of prior convictions of the accused.*

(A) *In general.* The trial counsel may introduce evidence of military or civilian convictions of the accused. For purposes of this rule, there is a "con-

viction" in a court-martial case when a sentence has been adjudged.

\* \* \* \* \* \*

(B) *Pendency of appeal.* The pendency of an appeal therefrom does not render evidence of a conviction inadmissible except that a conviction by summary court-martial or special court-martial without a military judge may not be used for purposes of this rule until review has been completed pursuant to Article 64 or Article 66, if applicable. Evidence of the pendency of an appeal is admissible.

(C) *Method of proof.* Previous convictions may be proved by any evidence admissible under the Military Rules of Evidence.

Discussion

Normally, previous convictions may be proved by use of the personnel records of the accused, by the record of the conviction, or by the order promulgating the result of trial. *See* DD Form 493 (Extract of Military Records of Previous Convictions).

(Emphasis added.)

█ Appellant cites no particular military rule of procedure or evidence which would bar use of a completed DD Form 1966/3 to prove his prior civilian convictions for purposes of sentencing. In this regard, we note that the limitation of proof by public record or testimony of a witness on cross-examination that is found in Mil. R.Evid. 609(a) (*cf.* Fed.R.Evid. 609(a)) does not apply in appellant's case because his convictions were not used to impeach his credibility. *Cf. United States v. Collier,* 29 MJ 365, 368 (CMA 1990); *see generally* 4 Wigmore, *Evidence* § 1270 (Chadbourn rev. 1972).

Appellant's argument, based on exclusion of the magistrate's letter in *United States v. Pitts, supra,* and the squadron letter in *United States v. Collins, supra,* is also not persuasive. It was not contested in his case that this enlistment application

3. *See United States v. Yeckinevich,* 26 MJ 833, 834 n. 2 (AFCMR 1988).

form was routinely maintained in his personnel records as required by those decisions. In addition, the above attributes of this form strongly suggest[4] that it was also admissible under Mil.R.Evid. 803(6).[5] *Cf.* Fed.R.Evid. 803(6). *See United States v. Zapata,* 871 F.2d 616, 625 (7th Cir.1989); *United States v. Lieberman,* 637 F.2d 95, 101 (2d Cir.1980).

■ Finally, to the extent that the entries on this form were made by appellant, they were at the very least admissible as admissions of a party opponent under Mil.R.Evid. 801(d)(2).[6] *See* Fed.R.Evid. 801(d)(2). In our view, admission of a copy of this record for the purpose of sentencing was legally permitted by the Military Rules of Evidence. *See* Mil.R.Evid. 1002 and 1003; *see also* Fed.R.Evid. 1002 and 1003; *see generally* RCM 1001(b)(3)(C), Discussion, and RCM 913(c)(2), Discussion.

■ Even if the military judge erred in admitting this evidence, such error was clearly harmless in appellant's case. Art.

59(a); *see* Mil.R.Evid. 103(a). Appellant was convicted of 12 crimes, including drug use and distribution, military disrespect and disobedience, drunk driving, and communicating threats. In this context, a contention that appellant was a first-time offender would not have been well-founded or particularly persuasive. *See United States v. Ferrer,* 33 MJ 96, 97 (CMA 1991). Moreover, the maximum punishment for appellant's offenses included 37 years' confinement and a dishonorable discharge. The punishment awarded him, however, was 18 months' confinement and a bad-conduct discharge, which suggests scant attention was paid to his prior criminal record. *See United States v. Bartoletti,* 32 MJ 419, 422 (CMA 1991). Finally, the evidence of prior civilian convictions was mentioned only briefly in trial counsel's closing argument and its seriousness paled before the crimes for which appellant was found guilty at this court-martial. *United States v. Sherman,* 32 MJ 449, 452 (CMA

---

**4.** Neither the regulations concerning this government form nor the complete form have been filed with this Court. Although the military judge ruled this form was admissible at appellant's court-martial, a Department of Defense Form 398 was admitted in its place at the request of defense counsel. A complete copy of this form and the appropriate regulations concerning its completion were also not filed with this Court. *See* Rule 24, Rules of Practice and Procedure, United States Court of Military Appeals (1983). In view of these circumstances, we are reluctant to affirm on the basis of Mil.R.Evid. 803(6).

**5.** This Rule provides:

(6) *Records of regularly conducted activity.* A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. *The term "business" as used in this paragraph includes the armed forces,* a business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. *Among those mem-*

*oranda, reports, records, or data compilations normally admissible pursuant to this paragraph are enlistment papers,* physical examination papers, outline-figure and fingerprint cards, forensic laboratory reports, chain of custody documents, morning reports and other personnel accountability documents, *service records,* officer and enlisted qualification records, logs, unit personnel diaries, individual equipment records, daily strength records of prisoners, and rosters of prisoners. (Emphasis added.)

**6.** Mil.R.Evid. 801 states:

(d) *Statements which are not hearsay.* A statement is not hearsay if:

\* \* \* \* \* \*

(2) *Admission by party-opponent.* The statement is offered against a party and is (A) the party's own statement in either the party's individual or representative capacity, or (B) a statement of which the party has manifested the party's adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment of the agent or servant, made during the existence of the relationship, or (E) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

1991). A finding of substantial prejudice in these circumstances cannot reasonably be sustained.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX concurs.

Judges CRAWFORD, GIERKE, and WISS and Senior Judge EVERETT did not participate.