**UNITED STATES, Appellee,**

v.

**Kenneth D. EADY, Senior Airman
U.S. Air Force, Appellant.**

No. 66,447.
ACM S28262.

U.S. Court of Military Appeals.

Submitted Aug. 12, 1991.

Decided Aug. 5, 1992.

For Appellant: *Colonel Jeffrey R. Owens and Captain Richard W. Aldrich* (on brief).

For Appellee: *Major Jeffrey C. Lindquist and Major Paul H. Blackwell, Jr.* (on brief); *Lieutenant Colonel Brenda J. Hollis.*

PER CURIAM:

On January 12, 1990, appellant, pursuant to his pleas, was found guilty by a special court-martial of three specifications of wrongful appropriation of personal property, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. The members sentenced appellant to a bad-conduct discharge, 4 months' confinement, and reduction to the lowest enlisted grade. On February 9, 1990, this sentence was approved by the convening authority. The Court of Military Review affirmed in an unpublished opinion on January 31, 1991, 1991 WL 34819.

We granted appellant's petition for review to decide the following two questions of law:

I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED WHEN IT HELD THAT IT WAS NOT PLAIN ERROR TO ADMIT A PRIOR CONVICTION PROVED ONLY BY A LETTER FROM A LOCAL POLICE DEPARTMENT.

II

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW ERRED WHEN IT HELD THAT IT WAS NOT PLAIN ERROR TO ADMIT A PRIOR CONVICTION PROVED ONLY BY AN

INDICTMENT AND AN OFFER TO PLEAD GUILTY.

We agree with the Court of Military Review that no plain error occurred and otherwise affirm on the basis of waiver. Mil. R.Evid. 103, Manual for Courts–Martial, United States, 1984. *See United States v. Barnes*, 33 MJ 468 (CMA 1992); *see also United States v. Browning*, 29 MJ 174 (CMA 1989).

Without defense objection the military judge admitted a certified copy of a "Records Check" from a local South Carolina police department which purported to show appellant's arrests for speeding and shoplifting. It also indicated that appellant forfeited bond on both these charges. Additionally, and again without defense objection, the military judge admitted a document signed by a local Clerk of Court in South Carolina which indicated that appellant had been indicted for robbery and grand larceny, but eventually pleaded guilty only to grand larceny. Notwithstanding his lack of objection at trial, appellant now contends that this evidence should not have been admitted.

Prior state convictions are relevant in determining the sentence of a military accused. *See* RCM 1001(b)(3)(A), Manual, *supra*. Moreover, we can find no military rule of evidence which expressly prohibits proof of state convictions by using the above documents. *See United States v. Barnes, supra* at 473. Finally, the prosecution's exhibits are substantially regular on their face and bear the seals of the above-noted state agency and court. *See* Mil.R.Evid. 803(6) and (8). We are thus satisfied that their admission was not plain error and that any other error in the form of this evidence was waived by the defense's failure to object. *See* Mil.R.Evid. 103(a)(1).

The decision of the United States Air Force Court of Military Review is affirmed.